UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss filed by defendants Lemberg Law, LLC and Sergei Lemberg ("Defendants"). (Docket No. 15) The matter is fully briefed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

## I. Background

Plaintiff EVOX Productions, LLC ("Plaintiff") is a Delaware limited liability company with principal place of business in California, specializing in high-quality photo, video, and interactive automotive vehicle imagery. As part of that business, Plaintiff licenses images to others for advertising or other purposes. To aid in identifying their images as Plaintiff's copyrighted material, the images contain information such as the phrase "© EVOX IMAGES," Plaintiff's logo, and a standard filename format.

Defendant Sergei Lemberg is the founder and owner of defendant Lemberg Law, LLC, a small law firm in Connecticut that practices law in a variety of consumer protection contexts and states, including in California. To advertise and promote their services, Defendants have a website that provides information specific to each of their practice areas for potential clients. One such portion discusses lemon law and contains blog posts discussing typical issues. The website also contains specific pages for a majority of states' lemon laws, including California's. The site allows potential clients to leave comments or send secure messages directly to the firm for a free case evaluation.

The Complaint alleges that Defendants use Plaintiff's copyrighted images on their blog posts, despite never obtaining permission to do so. While conducting a standard intellectual property enforcement investigation, Plaintiff discovered Defendants' use of up to 154 of Plaintiff's copyrighted images. At least one image still contained Plaintiff's logo in the lower right corner, but Defendants allegedly altered other images to remove or omit Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

copyright notices and logos. Defendants also allegedly edited the filenames to impede detection efforts. The Complaint alleges, on information and belief, that Defendants engaged in these infringing uses to obtain better online search engine results and to improve the quality and appeal of their website.

Based on the above conduct, Plaintiff brings two causes of action against Defendants: (1) Copyright Infringement, 17 U.S.C. § 501, et seq., and (2) Violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. Defendants now move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6).

**II.     Legal Standards**

   **A.     Federal Rule 12(b)(1)**

Under Federal Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction" and "[i]t is presumed that a cause lies outside this limited jurisdiction," unless otherwise shown. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. Id. Because Article III's standing requirements limit subject matter jurisdiction, a plaintiff's standing to pursue a claim is properly challenged by a Rule 12(b)(1) motion to dismiss. See Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1121-22 (9th Cir. 2010).

To satisfy Article III's standing requirements, a plaintiff must show (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely as opposed to merely speculative, that the injury will be redressed by a favorable decision. See Friends of the Earth, Inc. v. Laidlaw Envt'l Srvs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citation omitted). Since the requirements for Article III standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 114-15, n.31 (1979).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air For Everyone v. Meyer, 373 F. 3d 1035, 1039 (9th Cir. 2004) (citation omitted). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Id. (citation omitted). "[I]n a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint—it may consider facts and need not assume the truthfulness of the complaint." Americopters, LLC v. FAA, 441 F.3d 726, 732 n.4 (9th Cir. 2006) (citation omitted); see also Safe Air for Everyone, 373 F.3d at 1039; In re Vizio, Inc., Consumer Priv. Litig., 238 F. Supp. 3d 1204, 1214 (C.D. Cal. 2017). "Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); see also Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011) ("[T]he jurisdictional question of standing precedes, and does not require, analysis of the merits.") (collecting cases).

### B. Federal Rule 12(b)(2)

A defendant may move to have a complaint dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction. Ziegler v. Indian River Cnty., 64 F.3d 470, 473 (9th Cir. 1995). If a court has not heard testimony or made factual determinations, however, the plaintiff must only make a prima facie showing of personal jurisdiction. Id. The plaintiff may use affidavits of knowledgeable witnesses in meeting its burden of proving jurisdiction. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). In determining whether the plaintiff has met this burden, a court must take the allegations in the plaintiff's complaint as true and resolve disputed jurisdictional facts in the plaintiff's favor. Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588-89 (9th Cir. 1996).

Before this Court can exercise jurisdiction, an applicable state rule or statute must potentially confer personal jurisdiction over the out-of-state defendant. Fed. R. Civ. P. 4(k). The California long-arm statute provides that a court may exercise jurisdiction on any basis not inconsistent with the State Constitution or the Constitution of the United States. Cal. Civ. Proc. Code § 410.10. Section 410.10 thus imposes limits on the power of California courts to exercise personal jurisdiction that are "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." Data Disc, 557 F.2d at 1286 (quoting Republic Int'l Corp. v. Amco Eng'rs, Inc., 516 F.2d 161, 167 (9th Cir. 1975).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

A defendant's activities involving the forum state should be such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). Courts have adopted a two-tiered approach to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). This two-tiered approach involves a determination of whether a court has general or specific jurisdiction over a defendant. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

### 1. General Jurisdiction

General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). The contacts with the forum state must be of a sort that "approximate physical presence." Id.; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." (citing Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986))).

### 2. Specific Jurisdiction

Specific personal jurisdiction may be exercised when the "nature and quality" of the defendant's contacts with the forum state are significant in relation to the specific cause of action. Data Disc, 557 F.2d at 1287. In order for the forum state to properly assert jurisdiction over an out of state defendant, the defendant must have purposefully directed its activities towards residents of the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Further, the forum-related activities must be related to the claim, and the exercise of jurisdiction must be reasonable. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a party:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

            conducting activities in the forum, thereby invoking the
            benefits and protections of its laws;

    (2)    The claim must be one which arises out of or relates to
            the defendant's forum-related activities; and

    (3)    The exercise of jurisdiction must comport with fair play
            and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988). "The plaintiff bears the burden of satisfying the first two prongs of the test. . . . If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 476-78).

     A "purposeful availment" analysis is usually used in suits sounding in contract while a "purposeful direction" analysis is typically employed in a tort action. Schwarzenegger, 374 F.3d at 802. A defendant purposefully avails himself of the privilege of conducting activities in the forum by deliberately "engag[ing] in significant activities within a State or [creating] 'continuing obligations' between himself and the residents of the forum." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (quoting Burger King, 471 U.S. at 475-76). Purposeful availment "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." Schwarzenegger, 374 F.3d at 802. The purposeful direction test applied in tort cases applies the "effects" test derived from Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), and requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing Bancroft & Masters, 223 F.3d at 1087; Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995)).

    **C.**    **Federal Rule 12(b)(6)**

     For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. Cnty. of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. Analysis

Defendants contend that the Court should dismiss Plaintiff's Complaint due to Plaintiff's lack of standing, the Court's lack of personal jurisdiction over Defendants, and Plaintiff's failure to state a claim by using impermissible "shotgun" pleading. "Customarily, a federal court first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

resolves doubts about its jurisdiction over the subject matter" and "jurisdiction generally must precede merits in dispositional order." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999). Accordingly, the Court first assesses subject matter jurisdiction, and then personal jurisdiction, before turning to Defendants' argument that Plaintiff fails to state a claim.

### A. Article III Standing

Defendants contend that Plaintiff's allegations of copyright infringement do not show Plaintiff suffered a concrete harm, thereby not satisfying the injury-in-fact requirement of standing. "Article III standing requires a concrete injury even in the context of a statutory violation." TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) (quoting Spokeo Inc. v. Robins, 578 U.S. 330, 341, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)). According to Defendants, aside from alleging an unspecified harm, "[t]he Complaint is otherwise devoid of any additional factual allegations describing how or in what manner [Plaintiff] has been injured." (Mot. at 23.) Defendants also argue that Plaintiff would not even know of any possible injury without retaining an expert, supporting a finding of no concrete harm.

The Court finds Defendants' arguments unavailing. "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms including . . . reputational harm." TransUnion, 141 S. Ct. at 2200. The owner of a copyright enjoys certain exclusive rights of reproduction, creation of derivative works, and licensing. See 17 U.S.C. § 106. Here, Plaintiff plausibly alleges a monetary harm, as Plaintiff regularly licenses its images for a fee and Defendants' alleged infringement deprived Plaintiff of that licensing fee. Plaintiff need not plead or prove the extent of those damages to establish standing at this stage of proceedings. See TransUnion, 141 S. Ct. at 2208 ("A plaintiff must demonstrate standing 'with the manner and degree of evidence required at the successive stages of the litigation.'" (quoting Lujan, 504 U.S. at 561)). Plaintiff's reliance on an expert to discover the harm does nothing to change the fact that the harm occurred.

Based on the foregoing, the Court denies Defendants' motion to dismiss for lack of standing.

### B. Personal Jurisdiction

Defendants also contest the Court's exercise of personal jurisdiction. Plaintiff does not contend that Defendants are subject to general personal jurisdiction, (see Opp'n at 10, Docket

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

No. 24), so the Court considers only whether it has specific personal jurisdiction over Defendants. Because the case centers on allegations of copyright infringement, the Court applies a purposeful-direction analysis. See, e.g., Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1069 (9th Cir. 2017).

### 1. The Parties' Arguments and Evidence

Defendants provide three arguments against purposeful direction, as well as an argument that personal jurisdiction does not exist over defendant Sergei Lemberg. First, Defendants argue that under Walden v. Fiore, 571 U.S. 277, 290, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014), "mere injury" to a California resident is insufficient. Second, Defendants attack the foreseeable harm prong, arguing that Plaintiff failed to plausibly allege Defendants caused harm they knew was likely to be suffered in California. In support, Defendants contend that the Complaint contains no allegation Defendants knew or had reason to know that Plaintiff was located in California. Further, Defendants contend the Complaint does not allege anyone, much less California residents, viewed the images. Third, Defendants attack the express aiming prong, arguing Plaintiff does not link any of Defendants' California contacts to the alleged copyright infringement. In support, Defendants contend that none of its blog posts, which contain the images, targeted California. According to Defendants, the other alleged California contacts, consisting of the webpage discussing California lemon law and Defendants' representation of California clients in California courts, are unconnected to the images and provide no support for express aiming. Lastly, Defendants also argue that personal jurisdiction does not exist over defendant Sergei Lemberg specifically, as Plaintiff fails to establish that Defendants should be treated as a single entity.

Plaintiff concedes that mere injury to a forum resident is an insufficient connection, but contends it has established foreseeable harm and express aiming, and that personal jurisdiction over defendant Sergei Lemberg is appropriate. Plaintiff first argues that Defendants did know, or at least had reason to know, that Plaintiff was located in California. In support, Plaintiff points to Defendants' stripping away the images' identifying information and that "a simple Google search," or a search of the Copyright Office's Public Catalog, would have revealed where Plaintiff was located. (Opp'n at 13-14.) Plaintiff then argues Defendants expressly aimed their conduct, as the lemon law blog posts containing the images are closely connected to the California-specific webpage soliciting California lemon law clients. Plaintiff also argues the California-specific webpage is interactive and Defendants hope to exploit the California market. Plaintiff then contends that personal jurisdiction exists over defendant Sergei Lemberg, as the Complaint alleges he is liable for the acts of the law firm as the founder and owner who made all key decisions regarding advertising. Plaintiff also points to allegations that defendant Sergei

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

Lemberg knew and directed Defendants' attempt to increase traffic through search engine optimization.

Defendants' Reply counters that Plaintiff fails to plausibly allege any foreseeable harm or express aiming, and that all allegations as to defendant Sergei Lemberg are conclusory. Regarding foreseeable harm, Defendants argue that the Complaint does not allege Defendant ever searched for Plaintiff's location or otherwise discovered it, and that Defendant had no duty to do so. Defendants thus only learned of Plaintiff's existence upon receiving correspondence from Plaintiff. As to express aiming, Defendants first repeat their original argument that Plaintiff has provided only untethered contacts. Next, Defendants newly argue that Plaintiff's claim does not arise out of any of the alleged contacts. Defendants then argue that there are no allegations within the Complaint as to the website's interactivity or Defendants' reliance on the California market. Finally, Defendants assert that the allegations related to defendant Sergei Lemberg are "mere labels and legal conclusions" without factual support, insufficient under Iqbal and Twombly.

### 2. Analysis

Defendants allegedly used Plaintiff's copyrighted images without authorization, displaying them on their website. That qualifies as an intentional act for purposes of the purposeful direction test. See, e.g., Axiom Foods, 874 F.3d at 1069; Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1229 (9th Cir. 2011) ("There is no question that [defendant] acted intentionally reposting the allegedly infringing photos.").

As for the second element of the test, the Ninth Circuit previously held that the express aiming requirement was satisfied by a defendant's "individualized targeting," or wrongful conduct targeted at a plaintiff whom the defendant knew to be a resident of the forum state. See Axiom Foods, 874 F.3d at 1069. Now, however, "a theory of individualized targeting may remain relevant to the minimum contacts inquiry, [but] it will not, on its own, support the exercise of specific jurisdiction." Id. The Ninth Circuit has also "made clear that 'maintenance of a passive website alone cannot satisfy the express aiming prong" but "operating even a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient." Mavrix Photo, 647 F.3d at 1229. To determine if "something more" is present, the Court considers the interactivity of the website, the geographic scope of defendant's commercial ambitions, and whether the defendant "individually targeted" a plaintiff known to be a forum resident. Id.

Mavrix Photo is particularly instructive because it also concerned copyrighted works hosted on a nationally accessible website. In analyzing express aiming, the Ninth Circuit found

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

"most salient the fact that [defendant] used [plaintiff's] copyrighted photos as part of its exploitation of the California market for its own commercial gain." Id. at 1229.  However, the Ninth Circuit contextualized that statement, explaining that

> [defendant] operated a very popular website with a specific focus on the California-centered celebrity and entertainment industries.  Based on the website's subject matter, as well as the size and commercial value of the California market, we conclude that [defendant] anticipated, desired, and achieved a substantial California viewer base.  This audience is an integral component of [defendant's] business model and its profitability.  As in Keeton, it does not violate due process to hold [defendant] answerable in a California court for the contents of a website whose economic value turns, in significant measure, on its appeal to Californians.

Id. at 1230.  As a counter example where no express aiming would exist, the Ninth Circuit described "an unpaid blogger who posted an allegedly actionable comment or photo to a website accessible in all fifty states, but who could not be as certain . . . that his actions would be so widely observed and who did not seek commercial gain from users outside his locality." Id. at 1231.  The Ninth Circuit then reemphasized that "where . . . a website with national viewership and scope appeals to, and profits from, an audience in a particular state, the site's operators can be said to have 'expressly aimed' at that state." Id.

The Court finds that Plaintiff plausibly alleges Defendants' express aiming at California.  The Complaint alleges that "Defendants regularly conduct business in California, including representing California clients in California courts" and makes the clear connection that Defendants "solicit 'lemon law' clients that are residents of California through their Website and blog posts." (Compl. ¶ 11.)  While the blog posts themselves did not target California, they "occurred not in a vacuum devoid of economic context, but rather as part of [Defendant's] efforts to exploit an important consumer base for commercial gain." Lindora, LLC v. Isagenix Int'l, LLC, 198 F. Supp. 3d 1127, 1139 (S.D. Cal. 2016); see also Loomis v. Slendertone Distrib., Inc., 420 F. Supp. 3d 1046, 1068 (S.D. Cal. 2019) ("In assessing specific jurisdiction through Internet conduct, 'the common thread . . . is that the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.'" (quoting Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir. 1997))).  As such, Defendants here have used Plaintiff's copyrighted photos as part of its exploitation of the California market for its own commercial gain.  Further supporting a finding of express aiming, the website provides some interactivity, giving potential clients a communication mechanism to directly reach Defendants and seek a free evaluation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

See j2 Cloud Servs., Inc. v. Fax87, No. 13-05353 DDP (AJWx), 2017 WL 1535083, at *6 (C.D. Cal. Apr. 27, 2017) (stating that "'interactive' websites which function for commercial purposes and where users exchange information" can support personal jurisdiction "when an entity is conducting business over the Internet").

However, Plaintiff fails to sufficiently allege the third element of the test, that Defendants knew harm would likely be suffered in California. "While there is no question that the harm of defendant's copyright infringement was suffered in California, plaintiffs fail to satisfy this requirement because . . . there is no indication that [defendant] knew or should have known that the copyrights of the Images were held by a California resident." Werner v. Dowlatsingh, No. 2:18-CV-03560-CAS(FFMx), 2018 WL 6975142, at *7 (C.D. Cal. Sept. 17, 2018). The Complaint does not allege that Defendants knew Plaintiff was located in California. It is also unclear how Defendants' act of stripping away copyright information, which does not appear to mention Plaintiff is located in California, would change Defendants' knowledge on the subject. See id. And while Plaintiff is likely correct that a search on Google or the Copyright Office's Public Catalog would reveal Plaintiff's location, the Complaint fails to allege that Defendants ever performed such a search. See Life Alert Emergency Response, Inc. v. Lifealert Sec., Inc., No. CV 08-3226 AHM (PLAx), 2008 WL 5412431, at *5 (C.D. Cal. Dec. 29, 2008) ("Although a trademark search could have alerted Defendant to the existence of Life Alert Emergency Response, Inc. and led Defendant to discover Plaintiff's ties to California, Plaintiff has neither pled nor provided evidence that Defendant was in fact aware of a likely connection to California."). As such, Plaintiff has failed to satisfy its burden in pleading the existence of personal jurisdiction over Defendants.[1]

Under the circumstances, however, the Court finds that Plaintiff should have an opportunity to conduct jurisdictional discovery on the third element of the purposeful direction test. See Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) ("Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." (quoting Data Disc, 557 F.2d at 1285)); see also Laub v. U.S. Dep't of the Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (holding that discovery should have been granted where there was "at least an arguable claim" for jurisdiction). Plaintiff may file a Supplemental Opposition no later than March 9, 2022. Defendants' Supplemental Reply, if any, shall be filed by March 16, 2022. The parties' supplemental papers are not to exceed five (5) pages each.

---

[1] Because Plaintiff fails to satisfy the third prong of the purposeful direction test as to both Defendants, the Court need not address the argument that Plaintiff fails to sufficiently plead facts supporting personal jurisdiction over defendant Sergei Lemberg.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

### C. Failure to State a Claim

Defendants next contend that the Complaint is an impermissible "shotgun" pleading that lumps Defendants together without specifying their acts or omissions. "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." Sollberger v. Wachovia Sec., LLC, 09-cv-0766, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). A common shotgun pleading issue "comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong." Id. Defendants argue that Plaintiff fails to plead any facts supporting that defendant Sergei Lemberg, instead of anyone else, was the "conscious force" behind his firm's alleged infringement. Defendants cite several cases in support. See Deckers Outdoor Corp. v. Bright Trading Corp., No. LA CV14-00198 JAK (JEMx), 2014 WL 12564124, at *2 (C.D. Cal. Apr. 28, 2014) (finding insufficient the allegations that individual defendants were "member[s], officer[s], director[s], and/or managing agent[s]" and the "active, moving, conscious forces"); Netbula, LLC v. Chordiant Software, Inc., No. C 08-00019 JW, 2009 WL 750201, at *4 (N.D. Cal. Mar. 20, 2009) (finding insufficient the allegations that CEO "had the ability to supervise or control the alleged infringing activity" seemingly "based solely on Springsteel's position as CEO").

Here, Plaintiff's allegations as to defendant Sergei Lemberg are sparse, but sufficient. "One common theme of Rule 8(a), . . . Iqbal, [and] Twombly . . . is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong." Id. The Complaint alleges that "Lemberg controlled the firm, made all key decisions regarding its business and advertising, and had a large personal financial stake in its performance." (Compl. ¶ 23 (emphasis added).) There are only two defendants at issue in this matter, one of which allegedly committed the infringing acts and the other of which allegedly made the decisions to commit those infringing acts. As such, the Complaint does not present an unclear mass of allegations and Defendants can readily make informed responses. Defendants' cited cases are distinguishable. In Deckers, plaintiffs were attempting to establish alter ego liability, which requires pleading the existence of a unity of interest and injustice. See Deckers, 2014 WL 12564124, at *2. And the allegations in Netbula were insufficient because plaintiffs alleged only the mere right and ability to supervise the corporation's conduct generally, rather than actual supervisory power over the infringing conduct itself. See Netbula, 2009 WL 750201, at *3-4. These cases do not apply here, where Plaintiff is not relying on alter ego liability and alleges defendant Sergei Lemberg's direct involvement in supervising the infringing conduct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

## Conclusion

      Based on the foregoing, the Court denies Defendants' motion to dismiss for lack of standing and for failure to state a claim. The Court defers ruling on the motion to dismiss for lack of personal jurisdiction and orders limited jurisdictional discovery. Plaintiff may file a Supplemental Opposition no later than March 9, 2022. Defendants' Supplemental Reply, if any, shall be filed by March 16, 2022. The parties' supplemental papers are not to exceed five (5) pages each.

      IT IS SO ORDERED.