Andy A. Servais, Bar No. 239891
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
aservais@klinedinstlaw.com

Attorneys for Defendants Lemberg Law, LLC and Sergei Lemberg

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LEMBERG LAW LLC, a Connecticut limited liability company, and SERGEI LEMBERG, an individual,<br><br>Defendants. | Case No. 2:21-cv-07875-PA-AGR<br><br>**DEFENDANTS LEMBERG LAW, LLC AND SERGEI LEMBERG'S ANSWER TO COMPLAINT**<br><br>Judge:            Alicia G. Rosenberg<br>Assigned Judge: Percy Anderson<br>Trial Date:      TBD |

COMES NOW Defendants Lemberg Law LLC and Sergei Lemberg ("***Defendants***") and as their timely Answer to the Complaint of Plaintiff Evox Productions, LLC ("***Plaintiff***"), alleges, admits and denies as follows:

1.   Answering paragraph 1 of the Complaint, Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this paragraph and therefore are without sufficient information to admit or deny these allegations.

2.   Answering paragraph 2 of the Complaint, Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this

paragraph and therefore are without sufficient information to admit or deny these allegations.

3. Answering paragraph 3 of the Complaint, Defendants admit the contents of the paragraph, but deny that Sergei Lemberg "operates" Lemberg Law LLC to the extent Plaintiff contends Sergei Lemberg oversaw or had any involvement in marketing in relation to allegations at issue in this complaint.

4. Answering paragraph 4 of the Complaint, Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this paragraph and therefore are without sufficient information to admit or deny these allegations.

5. Defendants admit that EVOX did not license use of its photographs and deny the remaining allegation of paragraph 5.

6. Admit.

7. Admit

8. Admit that Lemberg is an attorney who founded and owns Lemberg Law LLC and is a resident of Connecticut. Defendants deny the remaining allegations.

**JURISDICTION AND VENUE**

9. Answering Paragraph 9, this Paragraph states a legal conclusion as to which no response is required, but in any event, denies this allegation.

10. Answering Paragraph 10, this Paragraph states a legal conclusion as to which no response is required, but in any event, denies this allegation.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12

**LEMBERG'S BLATANT COPYRIGHT INFRINGEMENT**

13. Answering paragraph 13 of the Complaint, Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this

DEFENDANTS LEMBERG LAW, LLC AND SERGEI LEMBERG'S ANSWER TO COMPLAINT

paragraph and therefore are without sufficient information to admit or deny these allegations.

14. Answering paragraph 14 of the Complaint, Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this paragraph and therefore are without sufficient information to admit or deny these allegations.

15. Answering paragraph 15 of the Complaint, Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this paragraph and therefore are without sufficient information to admit or deny these allegations.

16. Admit.

17. Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this paragraph and on this basis deny these allegations.

18. Defendants deny the allegations in Paragraph 18.

19. Answering paragraph 19 of the Complaint, Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this paragraph and therefore are without sufficient information to admit or deny these allegations.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

## COUNT ONE

### (Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

25. Defendants re-alleges and incorporates by reference its answers to Paragraphs 1 through 24 as its response to Paragraph 25.

26. Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this paragraph and therefore are without sufficient information to admit or deny these allegations.

27. Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this paragraph and on this basis deny these allegations.

28. Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this paragraph and on this basis deny these allegations.

29. Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this paragraph and on this basis deny these allegations.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

## COUNT TWO

### (Violations of the Digital Millennium Copyright Act)

### Against All Defendants

33. Defendants re-alleges and incorporates by reference its answers to Paragraphs 1 through 32 as its response to Paragraph 33.

34. Defendants lack sufficient knowledge or information as to the truth of the allegations contained in this paragraph and on this basis deny these allegations.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to relief against Defendants, and request that the Court dismiss all claims against Defendants with prejudice and order such further relief in favor of Defendants as the Court deems just and proper.

/ / /

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants plead the following separate affirmative defenses. Each defense is asserted as to all claims asserted against Defendants. By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to Plaintiff. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
## (LACK OF ARTICLE III STANDING)

Plaintiff lacks Article III standing to assert any claims as they are based solely on alleged entitlement to statutory damages. "To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete harm. No concrete harm, no standing." *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2200 (2021)."'Article III standing requires a concrete injury even in the context of a statutory violation.'" *TransUnion LLC,* 141 S. Ct. at 2205 (quoting *Spokeo, Inc. v. Robins,* 578 U.S. 330, 341, 136 S. Ct. 1540 (May 24, 2016)). An "important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law"; only the latter entitles a plaintiff to sue that private defendant over that violation in federal court. *TransUnion LLC,* 141 S. Ct. at 2205.

## THIRD AFFIRMATIVE DEFENSE
## (WAIVER)

Plaintiff's common law and statutory claims are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE
## (LACHES)

Plaintiff's common law and statutory claims are barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
## (RATIFICATION)

Plaintiff has ratified the acts of which it now complains.

## SIXTH AFFIRMATIVE DEFENSE
## (APPORTIONMENT OF FAULT)

Defendants allege that Plaintiff's damages, if any, were caused by the negligence and/or acts or omissions of parties other than the Defendants, whether or not parties to this action. By reason thereof, Plaintiff's damages, if any, as against the Defendants, must be reduced by the proportion of fault attributable to such other parties, and to the extent that this is necessary, Defendants may be entitled to partial indemnity from others on a comparative fault basis.

## SEVENTH AFFIRMATIVE DEFENSE
## (COMPARATIVE FAULT)

Defendants allege that Plaintiff's damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the Complaint by the Plaintiff, and Plaintiff's agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on Plaintiff's behalf. By reason thereof, Plaintiff is not entitled to damages or any other relief whatsoever as against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
## (CONSENT)

Defendants allege that Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because Plaintiff, and/or the persons

and/or entities acting on her behalf, consented to and acquiesced in the subject conduct.

### NINTH AFFIRMATIVE DEFENSE
### (FAILURE OF CONDITION)

Defendants allege that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on her behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because of a failure of the Plaintiff, and/or the persons and/or entities acting on her behalf, to perform all or any conditions, whether precedent, concurrent and/or subsequent, covenants, and/or promises on their part to be performed as between the parties herein.

### TENTH AFFIRMATIVE DEFENSE
### (INTERVENING/SUPERSEDING CAUSE)

Defendants allege that if Plaintiff suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage or injury was legally caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the loss, damage or injury of which Plaintiff complains.

### ELEVENTH AFFIRMATIVE DEFENSE
### (PROXIMATE CAUSE – PLAINTIFF)

Defendants allege that the injuries and damages alleged in the Complaint by Plaintiff occurred, were proximately caused by and/or were contributed to by Plaintiff's own acts or failures to act and that Plaintiff's recovery, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injury or damages.

/ / /
/ / /
/ / /
/ / /

## TWELFTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (FAILURE TO MINIMIZE/MITIGATE DAMAGES)

Plaintiff has failed to take reasonable steps to minimize and/or mitigate its alleged damages. But for Plaintiff's actions and inactions, Plaintiff's alleged damages, to the extent they are proven to exist, would have been minimized and/or mitigated.

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That the Complaint be dismissed with prejudice, that Plaintiff take nothing thereby and that judgment be entered in favor of Defendants;

2. That Defendants be awarded his costs of suit, including reasonable attorneys' fees; and

3. For such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury for all claims triable by jury.

KLINEDINST PC

DATED: April 20, 2022     By:     */s/ Andy A. Servais*
                                  Andy A. Servais
                                  Attorneys for Defendants Defendants
                                  Lemberg Law LLC and Sergei Lemberg

20763355.2

# CERTIFICATE OF SERVICE

**Evox Productions, LLC v. Lemberg Law LLC, et al.**
**Case No. 2:21-cv-07875-PA-AGR**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 501 West Broadway, Suite 600, San Diego, California 92101.

On April 20, 2022, I served true copies of the following document(s) described as **DEFENDANTS LEMBERG LAW, LLC AND SERGEI LEMBERG'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 20, 2022, at San Diego, California.



_____
Myriam Sandoval

---

Case No. 2:21-cv-07875-PA-AGR

DEFENDANTS LEMBERG LAW, LLC AND SERGEI LEMBERG'S ANSWER TO COMPLAINT

**SERVICE LIST**
**Evox Productions, LLC v. Lemberg Law LLC, et al.**
**Case No. 2:21-cv-07875-PA-AGR**

| | |
|---|---|
| Keith J. Wesley<br>Noah S. Helpern<br>David D. Kim<br>BROWNE GEROGE ROSS O'BRIEN ANNAGUEY & ELLIS LLP<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, California 90067<br>Emails: kwesley@bgrfirm.com<br>dkim@bgrfirm.com<br>nhelpern@bgrfirm.com<br><br>Telephone: (310) 274-7100<br>Facsimile: (310) 275-5697 | Attorneys for Plaintiff |