UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS ORDER

Before the Court is a Motion for Reconsideration ("Motion") filed by defendants Lemberg Law, LLC and Sergei Lemberg ("Defendants"). (Docket No. 33.) Plaintiff EVOX Productions, LLC ("Plaintiff") filed an Opposition. (Docket No. 39.) Defendants filed a Reply. (Docket No. 40.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

**I.   Background**

On October 1, 2021, Plaintiff initiated this copyright action against Defendants. (See Compl., Docket No. 1.) Plaintiff alleges that Defendants used Plaintiff's copyrighted images on blog posts without obtaining permission to do so. Plaintiff identified up to 154 of their copyrighted images on Defendants' various web pages, with at least one image still containing Plaintiff's logo in the lower right corner. Plaintiff alleges that Defendants altered other copyrighted images to remove or omit Plaintiff's copyright notices and logos, as well as edited filenames to impede any detection efforts.

On January 5, 2022, Defendants filed a Motion to Dismiss. (Docket No. 15.) Defendants sought dismissal for lack of standing, lack of personal jurisdiction, and failure to state a claim through the use of "shotgun" pleading. (Id.) On February 15, 2022, the Court entered an order finding that Plaintiff possessed standing and sufficiently stated its claims, denying Defendants' motion as to those issues. (Docket No. 27.) Simultaneously, the Court held that Plaintiff failed to sufficiently allege the existence of personal jurisdiction over Defendants but found that Plaintiff should have an opportunity to conduct jurisdictional discovery. (Id.) Accordingly, the Court permitted limited jurisdictional discovery and supplemental briefing, deferring a ruling on the issue of personal jurisdiction. (Id.)

On March 7, 2022, the Court entered an Order ("Order to Show Cause") noting that Defendants' attorney, Trinette G. Kent, has been involved in several other cases within this district wherein Kent listed her address as Lemberg Law, LLC, 1333 Stradella Road, Los

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

Angeles, California 90077.  (Order to Show Cause, Docket No. 29.)  In at least two of those cases, the Court noted that Kent had declared under penalty of perjury to having an office within this district and listing the same Lemberg Law, LLC Los Angeles address.  (Id.)  The Court stated that based on those facts, "it appears . . . that Lemberg Law, LLC may maintain a presence in this district sufficient to confer personal jurisdiction."  (Id.)  The Court then ordered defendant Lemberg Law, LLC to show cause why the motion to dismiss for lack of personal jurisdiction should not be summarily denied in light of those jurisdictional facts.  (Id.)  Defendant Lemberg Law, LLC filed a Response, arguing that "because the Firm is not incorporated in California, does not have its principal place of business in California, and is not one of those exceptional cases where it has business operations in California sufficient to render it essentially at home in California, the Court lack[s] general personal jurisdiction over the Firm." (Response at 5, Docket No. 30.)

On April 5, 2022, the Court entered an Order ("Prior Order") denying Defendants' Motion to Dismiss for lack of personal jurisdiction.  (Prior Order, Docket No. 31.)  The Court discussed the arguments within the Response, but noted that there was no declaration or other evidence submitted to rebut Kent's prior attestations under penalty of perjury.  (Id.)  The Court then noted that Kent has had substantial California connections within this district on behalf of Lemberg Law, LLC.  (Id.)  As such, the Court found that this presents one of the rare exceptional cases for general personal jurisdiction, as Lemberg Law, LLC has had substantial, continuous and systematic contacts with California such that it approximates a physical presence.  (Id.)  Finding general personal jurisdiction over Lemberg Law, LLC, the Court then turned to the outstanding issue of whether personal jurisdiction existed over defendant Sergei Lemberg.  (Id.)  The Court summarized the parties' arguments from their briefing on Defendants' Motion to Dismiss, noted that personal jurisdiction may be imputed to a corporate officer where a plaintiff demonstrates that the corporate officer directed, controlled, ratified, or participated in the infringing activity or was otherwise in full charge of operations, and found that the Complaint sufficiently alleged such.  (Id.)  Accordingly, the Court found personal jurisdiction existed over both Defendants and denied the Motion to Dismiss.  (Id.)

On April 18, 2022, Defendants filed the present Motion, seeking reconsideration of the Court's Prior Order exercising personal jurisdiction over Defendants.

## II.     Legal Standard

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enters., Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 21-7875 PA (AGRx) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted); see also McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier in the litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). Under Local Rule 7-18, a motion to reconsider may only be brought if the moving party demonstrates:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

Local Rule 7-18 also provides that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."

### III.  Analysis

Defendants contend that reconsideration is appropriate because "there was a 'manifest showing of a failure to consider material facts presented to the Court before the Order was entered.'" (Mot. at 1 (quoting L.R. 7-18(c)).) In support, Defendants point to the following: (1) that Plaintiff did not plead or contend that general personal jurisdiction exists; (2) that Kent did not declare she was physically present at the California office on a regular basis to conduct business in the two cases the Court relied upon, Sanchez v. Kia Motor America, Inc., No. 8:20-cv-01604-JLS-KES, and Cadena et al. v. American Honda Motor Co., Inc., No. 2:18-cv-04007-MWF-MAA; and (3) that the Court's Order to Show Cause did not direct defendant Sergei Lemberg to file a response or state that the Court was considering general personal jurisdiction over him, leading defendant Sergei Lemberg to not submit a declaration or other response. (Mot. at 1-3.) Defendants also submitted the Declaration of Sergei Lemberg in support, which includes several facts not previously presented to the Court. (See Lemberg Decl., Docket No. 33-2.)

The Court finds that Defendants fail to establish that they are entitled to reconsideration because they could have presented all of the facts and arguments they now rely upon before the Court entered the Prior Order. Defendants possessed all the facts concerning Plaintiff's personal jurisdiction allegations and arguments during briefing on the Defendants' Motion to Dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7875 PA (AGRx) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Evox Productions, LLC v. Lemberg Law LLC, et al. | | |

(See Compl. ¶ 11; Opp'n to Mot. to Dismiss at 10, Docket No. 24.)  The same is true of Defendants' facts related to defendant Sergei Lemberg's involvement, and both sides addressed the issue during briefing.  (See Mot. to Dismiss at 17-18; Reply to Mot. to Dismiss 15-16.)  Similarly, the Court specifically referenced Kent's sworn statements as evidence of general personal jurisdiction when ordering defendant Lemberg Law, LLC to show cause.  (See Order to Show Cause.)  Despite having the capacity to do so, Defendants failed to timely assert the facts or arguments now included in their Motion before the Court entered the Prior Order.  Defendants' failure to timely argue these matters does not provide them with a ground for reconsideration.  See L.R. 7-18(c); see also Carroll, 342 F.3d at 945 (stating that a motion to reconsider "may not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier in the litigation" (emphasis added)).  Defendants' newly asserted facts and arguments should have been included in either their briefing on the Motion to Dismiss or in their Response, not after the Court resolved the issues.

Though the failure to timely assert these arguments is alone sufficient to disregard them, the Court also finds that the majority of Defendants' arguments would fail to alter the Court's findings in any way.  Plaintiff's Complaint does not specify either general or specific personal jurisdiction, alleging only that personal jurisdiction exists.  While Plaintiff did not contend general personal jurisdiction existed in opposing the Motion to Dismiss, the Court's Order to Show Cause noted those facts suggesting it existed and gave Defendants an adequate opportunity to respond.  Additionally, Kent's attestations disclosed the presence of a Lemberg Law, LLC office address within the Central District of California.  Her irregular physical presence therein is not dispositive, as the Prior Order identified Kent's involvement as local counsel for Lemberg Law, LLC in five cases, with regular filings for Lemberg Law, LLC dating back to 2014.  (Prior Order at 3-4.)  Newly asserted in the Motion are further disclosures that Kent was involved in 72 lawsuits and represented 583 clients for Lemberg Law, LLC within this District between October 1, 2018 and October 1, 2021.  (See Mot. at 12.)  Even without Kent's regular physical presence within Lemberg Law, LLC's California office, the presence of the Lemberg Law, LLC office and Defendants' substantial, continuous, and systematic representation approximates a physical presence.  Lastly, the facts concerning Sergei Lemberg's limited California connections are irrelevant, as the Court found personal jurisdiction existed on the basis of his activities directing Lemberg Law, LLC.

## Conclusion

For the reasons stated above, the Court denies Defendants' Motion for Reconsideration.

IT IS SO ORDERED.