UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-07875-SSS (AGRx) | Date | March 7, 2023 |
|---|---|---|---|
| Title | Evox Productions, LLC. v. Lemberg Law LLC., et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge |
|---|---|

| K. Lozada | CS 03/07/2023 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Jennifer Prieb Estremera | Andrew A. Servais |
| Adam J. Adler | Sidra Zaheer |
| Laura Elizabeth Carwile | |

**Proceedings:**  VIDEO DISCOVERY CONFERENCE RE:
(1) PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' FINANCIAL INFORMATION (Dkt. No. 97);
(2) DEFENDANTS' MOTION TO COMPEL RULE 26 COMPUTATION OF DAMAGES (Dkt. No. 99); AND
(3) ADDITIONAL DISCOVERY ISSUES (Dkt. No. 105, 108)

Case is called.  Counsel state their appearances.  The court addressed the following motions and discovery disputes.

*I.   Defendants' Motion to Compel Rule 26 Computation of Damages*

Defendants filed a motion to compel supplemental initial disclosures of a computation of each category of damages claimed by Plaintiff Evox Productions.  (Dkt. No. 99.)  Plaintiff filed an opposition.   (Dkt. No. 101.)  Defendants filed a reply.  (Dkt. No. 107.)

Rule 26(a) requires a party to provide "a computation of each category of damages claimed by the disclosing party   who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  Fed. R. Civ. P. 26(a)(1)(A)(iii).

Here, Plaintiff seeks the maximum statutory damages for copyright infringement and willful copyright infringement.  "'Statutory damages are available in order to effectuate two purposes underlying the remedial provisions of the Copyright Act:  to provide adequate compensation to the copyright holder and to deter infringement.'  'Statutory damages are intended as a substitute for profits or actual damages, and should not provide copyright owners a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-07875-SSS (AGRx) | Date | March 7, 2023 |
|---|---|---|---|
| Title | Evox Productions, LLC. v. Lemberg Law LLC., et al. | | |

windfall.'" *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1271 (9th Cir. 2021) (citations omitted); *see also Stokes v. Jerry James, Inc.*, 2023 U.S. Dist. LEXIS 5576, *5 (C.D. Cal. Jan. 10, 2023) (while plaintiff is entitled to statutory damages that will serve as deterrent, plaintiff "is not entitled [to] a windfall") (citation omitted).

Defendants' motion presents the issue of a copyright plaintiff's initial disclosure obligations when it seeks more than the minimum statutory damages.

The court explained at the hearing that, tentatively, it found persuasive the analysis of *Atari Interactive v. Redbubble, Inc.*, 546 F. Supp. 3d 883 (N.D. Cal. 2021). In summary, Plaintiff may seek an award of minimum statutory damages without disclosing supporting calculations in its initial disclosures. *Id.* at 888. However, a plaintiff must provide in its initial disclosures computations, if any, that support its request for an award of greater than the minimum statutory damages based on information reasonably available to it. *See id.* at 889; Advisory Comm. Note, 1993 Amendment (noting "party would not be expected to provide a calculation of damages which . . . depends on information in the possession of another party or person").

Because neither party cited the *Atari* case and both sides relied on cases that did not contain the level of analysis in *Atari*, the court will give both sides the opportunity to brief the issue on or before March 14, 2023.

### II. *Plaintiff's Motion to Compel Production of Financial Information Responsive to Document Request Nos. 46-49*

Plaintiff moves to compel production of Defendants' financial information responsive to Document Request Nos. 46-49. (Dkt. Nos. 97-98.) Defendants filed an opposition.[1] (Dkt. Nos. 102-103.) Plaintiff filed a reply. (Dkt. No. 109.)

Plaintiff contends that Defendants' financial information is relevant to a determination of statutory damages. Courts use several factors to assess statutory damages: (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the trademark; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from

---

[1] All requests for judicial notice are denied as unnecessary to the adjudication of the motion and because the request does not seek judicial notice of a fact that is not subject to reasonable dispute. Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-07875-SSS (AGRx) | Date | March 7, 2023 |
|---|---|---|---|
| Title | Evox Productions, LLC. v. Lemberg Law LLC., et al. | | |

which to assess the value of the infringing material produced; and (7) the potential to discourage the defendant. *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008).

Defendants have produced Exhibit C, which lists each case, and its corresponding revenue to the law firm, that (a) was identified as involving a car depicted in an Evox photograph on Defendants' website and (b) came to the law firm through a contact on the webpage containing the Evox photograph. (Dkt. No. 98.)

At oral argument, the court explored with counsel what additional information Plaintiff seeks by its motion.

Plaintiff seeks three additional categories of information. First, Plaintiff seeks all cases and their corresponding revenue that involve a car depicted in an Evox photograph on Defendants' website regardless of the medium through which the client contacted the law firm (e.g., phone, email, etc.). Second, Plaintiff seeks to compare the total number of those cases (and their corresponding revenue) with the total number of Lemon Law cases and their revenue for each year from 2014 through 2022. Third, Plaintiff seeks the total number of cases (and corresponding revenue) for the law firm for each year from 2014 through 2022. In each category, Defendants need not list each case and its corresponding revenue separately; rather, aggregate numbers for each year would be sufficient.[2] With these three additional categories of information, Plaintiff would be able to assess the proportion of Lemon Law cases involving Evox generated photographs (and their corresponding revenue) to (a) the total Lemon Law cases for the law firm and their corresponding revenue and (b) the total cases for the law firm and the corresponding revenue. Plaintiff explained that it seeks information back to 2014 to determine whether there is a before-and-after difference that Plaintiff could attempt to attribute to the use of Evox generated photographs.

At the hearing, the court inquired whether Defendants have responsive documents for these three categories of information and whether Defendants object to producing them. The court notes that, in the context of statutory damages, Defendants' financial condition, as distinguished from the total revenue from use of infringing products, may be relevant to consideration of the deterrence factor and a potential defense argument that the total revenue acts as a cap or limiting factor on the amount of statutory damages. *See Atari Interactive v. Redbubble, Inc.*, 2021 U.S Dist. LEXIS 244281, *17-*18 (N.D. Cal. Oct. 14, 2021); *Jones v. Amicizia Events, Inc.*, 2020 U.S. Dist. LEXIS 198660, *7 (C.D. Cal. Apr. 3, 2020) (granting

---

[2] It is not clear how Plaintiff would assign a particular year to a case because a lawsuit could be filed in one year and resolved by trial or settlement in a different year.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-07875-SSS (AGRx) | Date | March 7, 2023 |
|---|---|---|---|
| Title | Evox Productions, LLC. v. Lemberg Law LLC., et al. | | |

motion to compel production of documents regarding financial condition for three years prior to complaint).

Defendants may respond to the court by supplemental brief filed on or before March 14, 2023.

### III.   *Joint Agenda of Discovery Disputes*

The court and counsel conferred as stated on the record regarding the Joint Agenda filed by the parties on March 6, 2023. (Dkt. No. 108.) The court's orders are set forth below.

The court notes that Plaintiff again represented that it does not monitor the use of Evox's copyrighted materials by third party sublicensees or websites that allow download of Evox's copyrighted materials at no charge. Therefore, there are no responsive documents on this subject for the court to compel.

With respect to Plaintiff's list of disputed discovery items, the court determined that Item 5 is not ripe for adjudication and Item 9 is too vague to be addressed separately.

### IV.   *Order*

IT IS ORDERED that:

1. The parties may file supplemental briefs on or before March 14, 2023 that address (a) the decision in *Atari Interactive v. Redbubble, Inc.*, 546 F. Supp. 3d 883 (N.D. Cal. 2021) on the obligation to provide initial disclosures regarding computation of damages; and (b) whether Defendants have documents responsive to Plaintiff's motion to compel financial information and, if so, whether Defendants continue to object to producing them.

2. Defendants' ex parte application to file under seal is GRANTED. (Dkt. No. 105.)

3. Within 14 days after entry of this order, Plaintiff shall produce agreements regarding ownership of the photographs at issue in this case with (a) employees who took the photographs; or (b) third parties who participated in the creation of the photographs at issue in this case.

4. Counsel shall confer, within seven days after entry of this order, to set a mutually agreed date for Defendants' deposition of Mr. Milosevic by remote means during

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-07875-SSS (AGRx) | Date | March 7, 2023 |
|---|---|---|---|
| Title | Evox Productions, LLC. v. Lemberg Law LLC., et al. | | |

          the hours of 1:00 p.m. to 8:00 p.m. Serbian time. Nothing in this order precludes Plaintiff from asking questions of Mr. Milosevic during the same deposition if there is time remaining in the deposition.

5. With respect to Items 1-3 on Plaintiff's list of disputed items, counsel are ordered to arrange a conference, by remote means or in person, to be attended by the ESI vendors for each side and counsel for each side. The conference shall address the scope of work and cost estimates for production of Items 1-3 within 30 days after entry of this order. The court reserves the question of allocation of expenses.

6. With respect to Item 4 on Plaintiff's list of disputed items, Defendants shall produce the hit counts by March 17, 2023.

7. With respect to Item 6 on Plaintiff's list of disputed items, Defendants shall confirm that document production is complete by March 17, 2023.

8. With respect to Item 7 on Plaintiff's list of disputed items, Defendants shall complete re-production by March 17, 2023.

9. With respect to Item 8 on Plaintiff's list of disputed items, counsel shall confer regarding a mutually agreed date for third party vendor Mr. Esau to gain access to Defendants' Google Analytics/Google Ads account within 14 days after entry of this order. (*See* Order, Dkt. No. 86.)

        Counsel are strongly urged to work together to complete discovery before the cut-off date. *See* Fed. R. Civ. P. 1 (stating Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

cc: District Judge Sunshine Suzanne Sykes

|  |  | 2 | : | 35 |
|---|---|---|---|---|
|  | Initials of Preparer | kl |  |  |