Jennifer Estremera (SBN 251076)
  jestremera@reichmanjorgensen.com
Laura Carwile (SBN 291906)
  lcarwile@reichmanjorgensen.com
REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
Fax: (650) 560-3501

Adam Adler (*pro hac vice*)
  aadler@reichmanjorgensen.com
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310
Fax: (650) 560-3501

Attorneys for Plaintiff
EVOX PRODUCTIONS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LEMBERG LAW LLC, a Connecticut limited liability company; and SERGEI LEMBERG, an individual,<br><br>Defendants. | Case No. 2:21-cv-07875 SSS (AGR)<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL DEFENDANTS' FINANCIAL INFORMATION**<br><br>Honorable Judge Sunshine S. Sykes<br>Honorable Magistrate Judge Alicia G. Rosenberg<br><br>Trial Date: April 1, 2024 |

## **TABLE OF CONTENTS**

**Page**

A. The Financial Information Produced To Date. ..................................................1

B. The Proportionality Standard........................................................................4

C. The Court Should Grant EVOX's Motion With Respect to Revenue (EVOX RFPs 47-48). ................................................................................................5

D. The Court Should Grant EVOX's Motion With Respect to Profits (EVOX RFP 49). ........................................................................................................6

   1. Defendants' Profit and Loss Statements Are Relevant to Damages. .....6

   2. There Is No Burden Associated with the Production of Defendants' Profit and Loss Statements. ..................................................................8

   3. Information Regarding Defendants' Profits Is Needed To Evaluate Defendants' Assertions of Financial Hardship. ...................................9

   4. The Remaining Proportionality Factors Favor Production. .................9

   5. The Proportionality Factors Collectively Favor Plaintiff; Plaintiff's Request for Defendants' Profit and Loss Statements Is Proportional To the Needs of the Case. ....................................................................10

Plaintiff EVOX Productions LLC ("EVOX") submits this brief in accordance with the Court's July 13, 2023 order. In that order, the Court asked EVOX to explain why its request for Defendants' profit and loss statements is proportional to the needs of the case "given the discovery already provided by Defendants pursuant to the March 7, 2023 Order." Dkt. 140 at 2.

As explained more fully below, an order requiring Defendants to produce their profit and loss statements is proportional to the needs of the case because the information speaks directly to the amount of damages to which plaintiff is entitled, will inform the opinion of Plaintiff's anticipated licensing expert, and is needed to evaluate Defendants' assertion of financial hardship. At the same time, there is no meaningful burden associated with the collection or production of the requested documents, as Defendants have admitted they are readily available.

Defendants' current productions are insufficient as they do not contain meaningful financial information, and because profits are uniquely relevant to damages.

A.  **The Financial Information Produced To Date.**

EVOX's Motion to Compel Financial Information (Dkt. 97-1, or "Motion") sought to compel Defendants to produce documents responsive to EVOX RFPs 46-49, which cover the following categories of information:

> EVOX RFP NO. 46: Documents sufficient to show the proportion of Your matters involving "lemon law."
>
> EVOX RFP NO. 47: Documents sufficient to show the proportion of Your revenue derived from Your "lemon law" practice.
>
> EVOX RFP NO. 48: Documents sufficient to show Your gross revenue and net profit for calendar years 2014 to present.
>
> EVOX RFP NO. 49: Your profit and loss statements for calendar years 2014 to present.

1

Dkt. 97-7 Ex. F (Plaintiff's Requests for Production to Defendant Lemberg Law LLC, Set One, Oct. 14, 2022). At the March 7, 2023 discovery conference, the Court asked Defendants to provide supplemental briefing to explain whether they had and would produce documents relating to EVOX RFP 46-47 and, separately, whether they had and would produce documents relating to the revenue portions of EVOX RFP 48. Dkt. 112 at 3-4.[1] Despite that order, Defendants did not address that issue in their supplemental brief. *See* Dkt. 114.

While not included in the minutes, the Court and EVOX also discussed Plaintiff's request for Defendants' profit and loss statements (P&Ls), as requested in EVOX RFP 49. *See* Audio Recording, Mar. 7, 2023 Discovery Conference, at 23:46; *id.* at 35:30; Dkt. 113 at 5-6 (discussing the same). While the Court did not issue any orders regarding Defendants' profit and loss statements, EVOX discussed the issue in its first supplemental brief. Dkt. 113 ("EVOX Supp. Br.") at 4-5.

A few weeks after the March 7 conference, Defendants produced some of the information that had been discussed at the conference. In particular, Defendants produced (a) documents that purport to show the revenues Defendants obtained in connection with cases involving cars shown in EVOX images, (b) a document that purports to show the number of Lemberg Law cases by practice area from 2016-2023, and (c) a document that seems to show the amount of "Pending Settlements" associated with Defendants' cases from 2014-2022.

---

[1] In the Civil Minutes, the Court summarized the information as follows: "First, Plaintiff seeks all cases and their corresponding revenue that involve a car depicted in an Evox photograph on Defendants' website ... . Second, Plaintiff seeks to compare the total number of those cases (and their corresponding revenue) with the total number of Lemon Law cases and their revenue for each year from 2014 through 2022. Third, Plaintiff seeks the total number of cases (and corresponding revenue) for the law firm for each year from 2014 through 2022." Dkt. 112 at 3.

  By all appearances, the "Pending Settlements" document does not contain meaningful revenue information, since it appears to reflect the settlements paid to Defendants' *clients* rather than the portion of those settlements (if any) that were paid to Defendants.  Additionally, the document reflects "pending" settlements rather than finalized settlements, and does not provide information regarding revenue obtained outside of settlements.  As explained in more detail below, Defendants refused to provide any clarification regarding the information shown in this document.  Plaintiff has concurrently filed a copy of the "Pending Settlements" document with this brief so the Court can better understand the nature of the information provided to date.  *See* Dkt. 145 (Motion to Seal) Ex. B.

  In sum, of the RFPs at issue in the pending motion, Defendants' productions only speak to EVOX RFP No. 46; Defendants have not produced information regarding their total revenues, nor have Defendants produced information regarding the total revenue obtained in connection with their Lemon Law practice, nor have Defendants produced information regarding their overall costs or profits.

  EVOX raised this issue during the July 13, 2023 hearing, and expressly stated: "[T]he third category of information ... is the total number of cases and revenue for the law firm for each year ... and that category has not been provided." *See* Audio Recording, July 13, 2023 Discovery Conference, at 44:50-45:13.  In response, Defendant Lemberg asserted that the information *had* been produced. *Id.* at 45:13-45:20.[2]

---

[2] In the Civil Minutes from the July 13 teleconference, the Court stated that "[t]he parties agree that Defendants have since provided the requested three categories of information." Dkt. 140 at 2.  EVOX respectfully disagrees with this summary.  EVOX did not agree that Defendants had provided the requested categories of information.  To the contrary, EVOX expressly stated that Defendants had *not* produced the information discussed at the March 7 conference.  *See* Audio Recording, July 13, 2023 Discovery Conference, at 44:50-45:13.

  The issue EVOX initially sought to raise with the Court was the status of EVOX's motion, which was (and is) still pending. *Id.* at 43:34-43:50 ("[T]he issue on the agenda is that

3

PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL DEFENDANTS'
FINANCIAL INFORMATION

On July 14, 2023 (the day after the discovery conference), EVOX asked Defendants to identify the financial documents that contain the missing revenue information. Ex. 1 (7/14/23 e-mail). Defendant Lemberg refused, stating that he would "not participate in any further discovery or conferences" until EVOX agreed to lower its confidentiality designations. Ex. 2 (7/16/23 e-mail). In the days that followed, Defendants rejected all subsequent attempts from EVOX to schedule a meeting to discuss this issue. This trend continued even after EVOX lowered the confidentiality designations as requested.[3] Ultimately, Defendants did not identify any documents containing the information they had assured the Court had been produced.

**B. The Proportionality Standard**

Under Rule 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In deciding whether discovery is proportional, courts consider several factors, including (1) the

---

the Court hasn't formally ruled on the motion and so we wanted to make sure whether there's any additional information that EVOX could provide that would assist the Court in resolving the motion ... ."). EVOX did not seek to raise a compliance issue with respect to the information sought in the finance motion, since there is no operative order with which Defendants needed to comply. *See id.* at 44:50 ("[W]e were actually waiting for the Court to fully resolve the motion before we raised it as an issue.").

Having reviewed Defendants' productions, EVOX's position is that Defendants have not produced documents from the second or third categories listed in the March 7, 2023 Civil Minutes, since Defendants have not produced documents showing their lemon law revenue and have not produced documents showing their total revenue.

[3] In Defendants' recently-filed motion to amend the protective order (Dkt. 144), Defendants' claim that EVOX's confidentiality designations prevent Defendants from accessing documents in the case. Dkt. 144. These statements are incorrect. On July 17, 2023, EVOX lowered the confidentiality designation on all materials that were designated as "Outside Attorney's Eyes Only," and confirmed that Defendants could review all of the materials produced in this litigation. EVOX will address this issue in more detail in its upcoming response to Defendants' motion.

importance of the discovery in resolving the issues, (2) whether the burden or expense of the proposed discovery outweighs its likely benefit, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the amount in controversy, and (6) the importance of the issues at stake in the action. Fed. R. Civ. P. 26(b)(1).

When resolving disputes relating to document production, courts typically focus on the first two factors listed above—the importance of the discovery at issue, and the burden or expense associated with the proposed discovery. *See, e.g.*, *Almont Ambulatory Surgery Ctr. LLC v. UnitedHealth Grp., Inc.*, 2018 WL 5816111, at *2 (C.D. Cal. May 22, 2018) (granting motion to compel "arugabl[y] relevan[t] documents "[b]ecause the burden to produce a relatively small quantity of documents is not significant"); *City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 2021 WL 842574, at *3 (N.D. Cal. Mar. 5, 2021) (concluding that requested discovery was proportional because the opposing party "rais[ed] no burden argument").

### C. The Court Should Grant EVOX's Motion With Respect to Revenue (EVOX RFPs 47-48).

The Court should grant EVOX's motion with respect to EVOX RFPs 47 and 48, which seek documents sufficient to show (a) Defendants' revenues relating to their lemon law practice and (b) Defendants' gross revenues overall.

EVOX does not understand there to be a dispute over whether these documents should be produced. Indeed, during the July 13, 2023 discovery conference, Defendants expressly stated that they had agreed to provide these documents "without objection or reservation." Audio Recording, July 13, 2023 Discovery Conference, at 45:13-45:36.

Despite that purported agreement, Defendants have yet to actually produce

these documents, as explained above. Accordingly, Plaintiff seeks an order that would require Defendants to produce these documents by a date certain—ideally within 7 days of the Court's order resolving this motion. For additional analysis regarding why these documents are relevant and discoverable, *see* Dkt. 97-1 (Motion) at 1, 8-13; Dkt. 109 (EVOX Reply); Dkt. 113 at 4-5.

### D. The Court Should Grant EVOX's Motion With Respect to Profits (EVOX RFP 49).

The Court should grant EVOX's motion with respect to EVOX RFP 49, which seeks Defendants' profit and loss statements on an annual basis for all relevant years (2014-2022). This request is proportional to the needs of the case and would be proportional even if Defendants were to produce their revenue information.

#### 1. Defendants' Profit and Loss Statements Are Relevant to Damages.

Defendants' profit and loss statements speak to several damages-related issues in the case. As explained in previous briefing, information regarding Defendants' overall profitability and financial condition bears on statutory damages, since the information can be used to "determin[e] an amount of damages that will serve to deter future infringing conduct" and that will sufficiently punish defendants for their infringement. Dkt. 97-1 (Motion) at 8-9 & n.5 (quoting *Stevens v. Aeonian Press, Inc.*, 2002 WL 31387224, at *3 (S.D.N.Y. Oct. 23, 2002)); Dkt. 113 (EVOX Supp. Br.) at 4-5. This Court recognized the same in its March 7 order, when it held that "Defendants' financial condition ... may be relevant to consideration of the deterrence factor." Dkt. 112 at 3.

Information regarding Defendants' profits is further relevant since it will be used by EVOX's anticipated expert to estimate the licensing revenue EVOX would

6

have obtained from Defendants if they had secured a license to EVOX's photos prior to using them—an inquiry that speaks to both statutory damages and lost profits. *See* Dkt. 97-1 at 10-11.

To support this position, EVOX submits with this brief a declaration from Professor Jeffrey Sedlik, EVOX's anticipated expert on licensing. In his declaration, Professor Sedlik explains that one of the factors used to estimate the value of a license is the overall size and profitability of the licensee's operations, such that "information regarding a licensee's profits should be obtained whenever possible" when estimating licensing terms and fees. Sedlik Decl. ¶ 6. The fact that profit information was expressly requested by Plaintiff's anticipated expert in connection with his anticipated opinion in this case should resolve any doubts as to the relevance or significance of these materials.[4]

In its order, the Court asked EVOX to address the proportionality of its request for Defendants' profits given the financial information that has already been provided. Dkt. 112 at 3. As explained above, however, Defendants have not produced meaningful financial information. In this respect, profit and loss statements are ideal, since they typically include information regarding both profits and revenues, as well as a host of other relevant company-level financial information that speaks to damages.

Even if Defendants *had* produced revenue information, that information would not in any way obviate the need for or significance of profit and loss statements, since revenue information, by itself, does not reflect the overall financial condition of a company. Revenue information is not an adequate

---

[4] While Evox anticipates that it will provide an expert opinion from Professor Sedlik, it has not made any final decisions regarding the experts it will offer or the damages theories it will pursue, nor is EVOX required to do so until after the close of fact discovery, once it has received and reviewed all of the evidence in the case.

substitute for profit information, since a business can have large revenues but little (or no) profits.  *See* Sedlik Decl. ¶ 7.  Accordingly, it is important to consider both revenues *and* profits.  *See id.* ¶¶ 6-7.

The same is true with respect to the deterrent and punitive purposes of statutory damages—the award needed to deter future misconduct could be different for a company with high profits than for a company with no profits, even if the companies have the same revenues.

Additionally, as Defendants (and the Ninth Circuit) have recognized, bare revenue numbers are of limited value when estimating damages, since EVOX "is required to do ***more*** initially than toss up an undifferentiated gross revenue number." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004) (emphasis added); Dkt. 102 (Opposition to Motion) at 3 (quoting the same).  Indeed, when estimating lost profits, the plaintiff must apportion the defendants' revenues in a manner that relates to the infringement.  Defendants' profit and loss statements can help facilitate that apportionment effort.  *See* Dkt. 109 (EVOX Reply In Support of Motion) at 1-2 (analyzing *Polar Bear*).

## 2. There Is No Burden Associated with the Production of Defendants' Profit and Loss Statements.

The only proportionality factor that could potentially stand in opposition to Plaintiff's request would be burden.  Only here, there is no burden associated with the production of Defendants' profit and loss statements, since the documents exist, are easy to locate, and can readily be produced.  *See* Audio Recording, Mar. 7, 2023 Discovery Conference at 32:14-33:11 (counsel for Defendants confirming that Defendants "have P&Ls from 2014 to the present"); Dkt. 113 (EVOX Supp. Br.) at 6.  Thus, there is no reason—and Defendants have not identified any reason—why these documents should not be produced.

### 3. Information Regarding Defendants' Profits Is Needed To Evaluate Defendants' Assertions of Financial Hardship.

Throughout this case, including at the most recent discovery conference, Defendants have claimed financial hardship and have argued that EVOX's request for damages is unreasonable in light of Defendants' limited resources. *E.g.*, Audio Recording, July 13, 2023 Discovery Conference, at 41:14-41:32 (claiming Defendants were at risk of not making payroll), 46:14-46:20 ("[Y]ou have a large company suing a small law firm ... ."). However, to date, Defendants have not provided any evidence to substantiate these claims of hardship.

Defendants should not be allowed to claim financial burden without substantiating that claim and providing EVOX with fair discovery regarding those assertions. *See* Dkt. 97-1 (Motion) at 11-12 (explaining why production of Defendants' financial information is needed to avoid an asymmetry of information and to prevent juror confusion).[5] Moreover, given the parties' seemingly mismatched expectations on this issue, the production of this information could assist the parties in reaching a settlement.

### 4. The Remaining Proportionality Factors Favor Production.

The remaining proportionality factors also favor production of Defendants' profit and loss statements. The parties' respective access to the requested information favors Plaintiff, since the information at issue is solely in Defendants' possession, and Plaintiff has no way of obtaining the information on its own.

The amount in controversy favors Plaintiff, given the significant amount of damages at issue. Because Plaintiff seeks maximum statutory damages in connection with willful infringement of over 150 copyrighted works, the damages in this case stand to be in the millions. The potential for such a large damages

---

[5] For similar reasons, the proportionality factor relating to the parties' resources favors granting EVOX's motion, as there is no indication of any resource disparity between the parties.

award favors more robust discovery – especially where, as here, the information sought relates to the damages determination.

Finally, the importance of the issues favors Plaintiff. EVOX relies on the copyright system and on the ability to monetize its photographs through licensing to stay in business. Defendants' view that they can use and profit from EVOX's images for free is directly at odds with the Copyright Act and its underlying principles. Such a flagrant disregard for intellectual property—and EVOX's efforts to defend the Copyright Act and deter future infringers—highlights the importance of this litigation, and supports EVOX's request for discovery regarding Defendants' basic financial information.

### 5. The Proportionality Factors Collectively Favor Plaintiff; Plaintiff's Request for Defendants' Profit and Loss Statements Is Proportional To the Needs of the Case.

Each proportionality factor favors Plaintiff, as do the factors when viewed as a whole. Defendants' profit and loss statements are uniquely relevant to statutory damages and lost profit damages; they have been requested by Plaintiffs' anticipated licensing expert; they provide key evidence that will allow Plaintiff to evaluate Defendants' assertions of financial hardship; and they can be produced with little or no burden. Defendants' profit and loss statements will also provide valuable information regarding Defendants' revenues—information that has not been produced, despite Defendants assurances that it would. The Court should grant EVOX's finance motion, and should order Defendants to produce documents responsive to EVOX RFPs 47-49, including Defendants' profit and loss statements.

| | | |
|---|---|---|
| 1 | DATED: July 20, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ *Adam Adler* |
| | | Adam Adler |
| 4 | | Laura Carwile |
| 5 | | Jennifer Estremera |
| | | REICHMAN JORGENSEN |
| 6 | | LEHMAN & FELDBERG LLP |
| 7 | | Attorneys for Plaintiff |

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July 2023, I electronically served the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the person(s) listed below:

Trinette Gragirena Kent
Lemberg Law LLC
1100 West Town and Country Road Suite 1250
Orange, AZ 92868
480-247-9644
Fax: 480-717-4781
Email: tkent@lemberglaw.com

Sergei Lemberg
Lemberg Law LLC
43 Danbury Road 3rd Floor
Wilton, CT 06897
203-653-2250
Fax: 203-653-3424
Email: slemberg@lemberglaw.com

                                                  /s/ *Adam Adler*
                                                  Adam Adler