REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
Jennifer Estremera (SBN 251076)
jestremera@reichmanjorgensen.com
Laura Carwile (SBN 291906)
lcarwile@reichmanjorgensen.com
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
Fax: (650) 560-3501

Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310
Fax: (650) 560-3501

Attorneys for Plaintiff
EVOX PRODUCTIONS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LEMBERG LAW LLC, a Connecticut limited liability company; and SERGEI LEMBERG, an individual,<br><br>Defendants. | Case No. 2:21-cv-07875 SSS (AGR)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY EXPERT DISCOVERY OR EXTEND EXPERT DISCOVERY AND RESET TRIAL DATE**<br><br>Honorable Judge Sunshine S. Sykes<br>Honorable Magistrate Judge Alicia G. Rosenberg<br><br><br>Trial Date: July 29, 2024 |

Plaintiff EVOX Productions, LLC ("EVOX") opposes Defendants' motion to stay or delay expert discovery. Dkt. 278. Expert discovery should proceed as currently scheduled. Summary judgment motions (and other potentially dispositive motions, such as Defendants' proposed motion to invalidate) should be heard after expert discovery is completed, on May 3, 2024, as ordered by the Court in Dkt. 161.[1]

Defendants do not cite any legitimate reason for either staying expert discovery or extending the deadlines; their argument boils down to wanting expert discovery stayed or extended for many months because they believe that filing premature motions for summary judgment and to invalidate EVOX's copyrights will dispose of this case before expert discovery is needed. This is not good cause. It is axiomatic that each side in a lawsuit believes it has the winning argument; one side cannot have the entire litigation schedule upended because of that belief. If one party could simply assert that its claims are so meritorious that expert discovery is unnecessary or can wait until after summary judgment motions are heard, courts would be required to engage in premature decisions about a case's merits in every instance. Defendants' unfounded assertion that its contemplated dispositive motions will get this entire case dismissed before routine expert discovery becomes necessary does not have any legitimate basis. Neither, therefore, does its unprecedented request to stay expert discovery or to extend it far beyond the deadlines already set by the Court. This case has already been pending for over two years. There is no basis for additional delay.

---

[1] Defendants have filed the instant motion before, Dkt. 274, which was not properly noticed and therefore stricken by this Court. Dkt. 276. On that same date, the Court set a pre-trial status conference for February 9, 2024. Dkt. 277. Despite the Court setting a conference date, Defendants re-filed an essentially identical motion with one additional section arguing for a stay or extension of expert discovery. *Compare* Dkt. 274 at 1-14 *with* Dkt. 278 at 1-16.

## I. LEGAL STANDARD

### Good Cause Must Be Shown.

Defendants' request for a stay or extension of expert discovery does not include the required "good cause" element necessary in every motion of this type. Fed. R. Civ. P. ("FRCP") 16(b)(4) states that a scheduling order may only be modified with good cause. This "'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing FRCP 16 Advisory Committee Notes). "At all times, the focus of the inquiry is upon the moving party's reasons for seeking modification[.]" *Martinez v. Costco Wholsesale Corp.*, 336 F.R.D. 183, 187 (S.D. Cal. 2020) (internal quotation omitted).

"A party seeking a stay of discovery carries a heavy burden of making a 'strong showing' why discovery should be denied." *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "A showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Simply "argu[ing] in conclusory fashion that its motion to dismiss will succeed" is "idle speculation" which "does not satisfy Rule 26(c)'s good cause requirement. Such general arguments could be said to apply to any reasonably large civil litigation." *Skellerup*, 163 F.R.D. at 600 (party "must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements").

### Additional Requirements Relating To Dispositive Motions.

As regards the order of pre-trial deadlines, summary judgment motions should generally be heard only after expert discovery is completed. *See, e.g., Edwards v.*

*Ford Motor Co.*, 2012 WL 8305593, at *2 (S.D. Cal. June 13, 2012) ("the Court declines to rule on such a dispositive motion when Plaintiff has not even had the opportunity to conduct merits expert discovery," granting Plaintiff's request to continue its opposition to Defendants' prematurely filed motion for summary judgment to a date after the close of expert discovery); *see also Fid. Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, 308 F.R.D. 649, 653 (S.D. Cal. 2015) (decrying a party's request to substitute its expert as an improper "tactical decision… to first see whether it would receive a favorable ruling on its Motion for Summary Judgment (which it did not)" and noting that the court would have considered staying the pending summary judgment motions to allow for more time for expert discovery, had a timely request been made).

In evaluating whether a stay of discovery is appropriate during a pending dispositive motion,[2] there is no single Ninth Circuit test.[3] *See Schrader v. Wynn Las Vegas, LLC*, 2021 WL 4810324, at *2 (D. Nev. Oct. 14, 2021). One critical factor, however, is whether the discovery is relevant to the dispositive motion. *Id.* ("The Ninth Circuit has… held that a district court may *not* stay discovery when discovery is needed to litigate the dispositive motion.") (emphasis in original) (citing *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) and *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975)). Other factors that district courts have used to evaluate whether a stay of discovery should be granted

---

[2] Although not yet filed, Defendants state their intent to file dispositive motions before expert discovery is completed, and request a stay on that basis. Dkt. 278.

[3] Defendants' motion cites two cases to support their request for a complete stay of discovery, Dkt 278 at 1: *Landis v. N. Am. Co.*, 299 U.S 248 (1936), which deals with a stay of proceedings, not a stay of expert discovery, and *CMAX, Inc. v. Hall*, 300 F.2d 265, 267 (9th Cir. 1962), a case that deals with whether to stay an entire proceeding after all discovery was completed and summary judgment motions were heard, due to a parallel proceeding on the same matter.

pending a dispositive motion include whether the challenge is a matter of law or, instead, regarding the 'sufficiency' of the allegations (*Skellerup*, 163 F.R.D. at 601; *see also Ciuffitelli v. Deloitte & Touche LLP*, 2016 WL 6963039, at *4 (D. Or. Nov. 28, 2016) (stays of discovery are "limited" to dispositive motions that "do[] not raise fact issues" or only "raise[] dispositive procedural issues")); whether the "underlying dispositive motion is sufficiently meritorious to warrant such delay" (*PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1101 (D. Nev. 2022)); and whether the court is "convinced" that the dispositive motion will be granted (*Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *9 (E.D. Cal. Feb. 7, 2011)); *see also Arellano v. Calderon*, 2023 WL 4568772, at *2 (S.D. Cal. July 14, 2023) ("This is an onerous standard to meet—'generally there must be no question in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort'") (internal citation omitted).

Regardless of what factors are considered, "district courts look unfavorably upon such blanket stays of discovery" "when a potentially dispositive motion is pending." *Mlejnecky*, 2011 WL 489743, at *6 (internal citations omitted).

## II.  ARGUMENT

**There is No Good Cause.**

Expert discovery is currently in full swing, with opening reports to be served on January 12, 2024.[4] Defendants have not stated any legitimate reason to modify the schedule as set. Instead, they state, without any basis, that their intended motions "are likely to be dispositive of this case as a whole or result in its transfer," and thus the Court should "stay expert discovery and other applicable deadlines until such motions are decided." Dkt. 278 at 2. Defendants' request to stay expert discovery

---

[4] The parties have agreed to an initial expert disclosure deadline of January 12, 2024, which will have been complied with by the date that this motion is set for hearing; all other dates currently remain as set in Dkt. 161.

pending its premature summary judgment motion or to have expert discovery occur months from now makes their motivation for filing the instant motion very clear: they want the Court to change the schedule so that they can have substantive motions heard out of order, before expert discovery occurs. But Defendants have not shown good cause to have expert discovery stayed or extended, let alone have their summary judgment motion heard before EVOX's motion for summary judgement, which will be filed and then heard in accordance with the Court's scheduling order, on May 3, 2024. Dkt. 161.

### A. Defendants Have Not Been Diligent.

Defendants provide no actual reason for their request for an expert discovery extension beyond "Due Process" and a cite to FRCP 1, Dkt. 278 at 16; they also note that they unilaterally "believe that extensive and expensive expert discovery is unnecessary[.]" *Id.* at 11. In fact, Defendants recently *opposed* a motion to extend time filed by EVOX, asking the Court to deny EVOX's requested three-month extension. Dkt. 225.[5] If Defendants actually needed the extension that they are now asking the Court to grant, they would have agreed to EVOX's previously-suggested schedule (Dkt. 212) in lieu of filing an opposition (Dkt. 225). *See, e.g.*, *Elizabeth Place*, 2014 WL 978307, at *1 n.4 (after complaining about Plaintiff's requested schedule, "Defendants cannot now, merely one month before Plaintiff's expert disclosures are due, ask to stay a calendar the Defendants requested"). The extension request that Defendants are making in the instant motion is not due to a bonafide scheduling conflict (and notably, Defendants cite none), but instead based on Defendants' belief that the normal pre-trial schedule should not apply to them, and that they should not have to engage in standard expert discovery until their one-sided, premature substantive motions on the merits are heard.

### B. Defendants' Anticipated Motions and Arguments Do Not

---

[5] EVOX has since withdrawn its extension request as moot. Dkt. 272.

Provide the Required Showing or Good Cause.

Defendants did not acknowledge any of the relevant standards or factors, nor did they even attempt to convince the Court that those were met here. Defendants state their intent to file dispositive motions before expert discovery is completed, but arguments about motions that have not yet been filed do not provide good cause, nor are the merits of those future motions to be decided here.

Most importantly, EVOX's anticipated expert discovery would be directly relevant to Defendants' summary judgment motion. The fact that expert discovery is relevant to the anticipated summary judgment motion means that discovery *may not* be stayed. *Schrader*, 2021 WL 4810324, at *2. Moreover, the anticipated motions relate to the substance of the case, and the law and facts of this case are hotly contested. Defendants cannot, via one-sided factually and legally incorrect arguments, "convince" this Court that their motions will be granted. "Defendants argue that their motion will dispose of the entire case, and boldly claim that it is 'unlikely' that the motion will be denied. [] Not surprisingly, Plaintiff has a different perspective… there is absolutely no evidence that Defendants' motion for summary judgment is all but guaranteed to resolve this case." *The Med. Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 2014 WL 978307, at *1–2 (S.D. Ohio Mar. 12, 2014) (declining to grant a stay of expert discovery based on defendants' belief that their motion would be granted; additionally, plaintiff had already incurred expenses preparing for the outstanding expert discovery deadline, and "[s]topping and restarting" would be prejudicial).

**Number of Expert Reports.** EVOX expects to only have **two** initial expert reports, contrary to Defendants' statement in its motion.[6] Defendants themselves

---

[6] EVOX informed Defendants by email on December 18, 2023 that EVOX is still determining how many affirmative expert reports it may serve. At this time, EVOX expects to serve two. Regardless, EVOX is under no obligation to provide

-7-   Case No. 2:21-cv-07875 SSS (AGR)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY EXPERT DISCOVERY
OR EXTEND EXPERT DISCOVERY AND RESET TRIAL DATE

informed EVOX that they would also have two experts. This is a standard number of experts in cases of this type, and does not underlie any good cause for extending the expert discovery deadline as Defendants request. Defendants only cite to "Due Process" and FRCP 1, without any additional explanation of why their extended schedule should be accepted by this Court. Given the fact that each side only has two experts, there is no reason to extend the cut-off of expert discovery as outlined in Defendants' motion. *See, e.g.*, *Sommer*, 2011 WL 4021048, at *5 (the court allowing only one month to take depositions of 28 retained experts, despite the fact that the parties had initially identified only four, and telling the parties that in lieu of a longer continuance, "they may need to take more than one expert deposition each day…").

**Defendants' Premature Summary Judgment Motion.** Defendants spend most of their motion (as has become routine) arguing their one-sided version of the merits of this case. While Defendants' arguments are both legally and factually incorrect, EVOX does not now fully engage with these issues of merit. This is, in part, because the merits of Defendants' anticipated summary judgment motion will absolutely implicate EVOX's expert discovery (for example, infringement questions will involve the Defendants' website backups, including to establish who did what, when, and for how long). This Court must allow expert discovery to continue and be completed before any summary judgment motion is heard. *Schrader*, 2021 WL 4810324, at *2 ("[A] district court may *not* stay discovery when discovery is needed to litigate the dispositive motion.") (emphasis in original).

EVOX also intends to file a summary judgment motion in this matter. Both parties' summary judgment motions should be heard together, on May 3, 2024, for the sake of judicial efficiency, rather than piecemeal.

---

Defendants information about EVOX's experts prior to the initial expert disclosures deadline.

**Defendants' Motion to Invalidate EVOX's Copyright.** Defendants have already filed and withdrawn such a motion. Dkt. 196; Dkt. 203. EVOX again will not engage with Defendants' merits arguments regarding that motion in this opposition to change a scheduling order. Regardless, for judicial economy and because this motion turns on disputed facts, this motion should be heard on the same schedule as other fact issues, concurrent with summary judgment motions on May 3, 2024. There is no reason to stay or extend expert discovery for a motion Defendants can file (and should wait to file) *after* expert discovery is completed.

**Defendants' Motion to Transfer Venue.** Defendants' proposed motion to transfer venue would be baseless. The deadline for a motion asserting improper venue has long since passed. FRCP 12(b)(3) (an assertion of "improper venue" should be made when the motion to dismiss is filed, prior to answering the complaint). Defendants' motion to dismiss did not include an assertion of improper venue. Dkt. 15. Moreover, should Defendants bring a motion to transfer venue pursuant to 28 U.S.C. § 1404, it is unlikely to be successful. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Hawkins v. Gerber Prod. Co.*, 924 F. Supp. 2d 1208, 1213 (S.D. Cal. 2013). At this stage of the case, well into expert discovery, any such motion is untimely and improper. There is no reason that filing this motion is urgent now, over two years into this litigation. EVOX has already informed Defendants that EVOX intends to seek fees if Defendants file such a motion. Transfer of venue would be inappropriate at this stage.

### III. CONCLUSION

Defendants do not and cannot meet the required standard necessary for staying or delaying expert discovery. Expert discovery should remain as scheduled, and summary judgment motions and other attendant motions should be heard on the schedule already ordered by the Court, on May 3, 2024. Dkt. 161. Defendants' motion should be denied in its entirety.

DATED: December 27, 2023

Respectfully Submitted,

/s/ Laura Carwile
Laura Carwile
Jennifer Estremera
Adam Adler
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2023, I electronically served the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY EXPERT DISCOVERY OR EXTEND EXPERT DISCOVERY AND RESET TRIAL DATE with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties, including to the person listed below:

| | |
|---|---|
| Trinette Gragirena Kent<br>1100 West Town and Country Road<br>Suite 1250<br>Orange, AZ 92868<br>480-247-9644<br>Fax: 480-717-4781<br>Email: tkent@lemberglaw.com | Attorneys for Defendants |
| Sergei Lemberg<br>Lemberg Law LLC<br>43 Danbury Road, 3rd Floor<br>Wilton, CT 06897<br>203-653-2250<br>Email: slemberg@lemberglaw.com | |

/s/ *Laura Carwile*
Laura Carwile