Sergei Lemberg, Esq., (*pro hac vice*)
slemberg@lemberglaw.com
Lemberg Law, LLC
43 Danbury Road
Wilton, Connecticut 06897
Tel.: (203) 653-2250
Fax: (203) 653-3424
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LEMBERG LAW, LLC, a Connecticut limited liability company; and SERGEI LEMBERG, an individual,<br><br>Defendants. | Case No. 2:21-cv-07875-SSS-AGRx<br><br>**DEFENDANTS LEMBERG LAW, LLC'S AND SERGEI LEMBERG'S REPLY IN SUPPORT OF THEIR MOTION TO (1) ENTER JUDGMENT ON THE PLEADINGS UNDER FRCP 12(C), AND/OR (2) TRANSMIT A REQUEST FOR ADVICE TO REGISTER OF COPYRIGHTS REGARDING INVALIDATION UNDER 17 U.S.C. § 411(B)(1)-(2)**<br><br>Date: March 8, 2024<br>Time: 2:00 p.m.<br><br>Honorable Judge Sunshine S. Sykes<br>Honorable Magistrate Judge Alicia G. Rosenberg |

Defendants submit this Reply, *pro se* and through counsel, in support of their Motion to (1) Enter Judgment on the Pleadings, and/or (2) Transmit a Request for Advice to Register of Copyrights Regarding Invalidation under 17 U.S.C. § 411.

## I. INTRODUCTION

Evox is a professional copyright plaintiff. The record shows that Evox releases its images into the public domain, then sues unwitting alleged users such as Defendants. Evox's Copyright Certificates are filled with so much false and inaccurate information as to rival The Comedy of Errors, except in the comedic aspect.

To begin, Plaintiff's brief violates L.R. 11-6, which limits oppositions to 7,000 words. The brief has over 8,400 words, and could be stricken on that basis alone. *LaComba v. Eagle Home Loans & Inv., LLC*, 2023 WL 6201597 (E.D. Cal. Sept. 22, 2023). Substantively, nothing Evox says alters Ninth Circuit's holding, twice repeated, that Evox's registration "does not cover separate self-contained works," only their unifications. Nor does Evox offer any basis for this Court to disregard Third Circuit's holding in *Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989), precluding businesses from maintaining legal claims on behalf of an unregistered 'dba.' Likewise, Evox has not presented any evidence that would show its failure to comply with clear and unambiguous copyright registration requirements was an innocent mistake of fact or law. To the contrary, the evidence shows Evox, a highly experienced and skilled copyright filer, turned a blind eye to crystal clear filing requirements which it knew.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

The Court should grant Defendants' Motion for Judgement on the Pleadings. It does not rely on 'extrinsic evidence.' *Gallion v. Charter Commc'ns Inc.*, 287 F. Supp. 3d 920 (C.D. Cal. 2018), cited by Evox, holds that courts may consider documents mentioned in a complaint, even if not physically attached, as long as the complaint references them and their authenticity is not challenged. *Id.* at 924. Here, Evox states in the Complaint it is the copyright holder of images at issue (Compl. ¶¶1, 4, 5, 14, 17), and attached partial Certificates to the Complaint. (Compl., Ex. A). Thus, the full Certificates Defendants supplied, which are public record, may be considered.

The Single Unit of Publication (hereinafter "SUP") Certificates, even if valid, create copyright only in the unification of images, not the images themselves.[1] The Ninth Circuit repeated its holding post-remand in *Unicolors*: "[b]y referring to " 'elements' that are 'otherwise ... self-contained works,' the regulation unambiguously contemplates that a 'single-unit of publication' does not cover separate self-contained works, but instead covers the unification of such works that otherwise could be self-contained." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1068 (9th Cir. 2022). Evox quotes the Supreme Court in *Unicolors*: "a [single-unit of publication] application may cover multiple works." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 142 S. Ct. 941, 942 (2022). However, the statement that "application may cover multiple works" does not mean that works lacking prior individual copyright registration gain registered status by being included within a SUP application. Indeed, upon remand the Ninth Circuit noted that while its "previous opinion … has been vacated, [its] 'single unit' holding was not implicated in the Supreme Court's vacatur, and [the Court] see[s] no reason to depart from [its] earlier determination. *Unicolors*, 52 F.4th at 1067. Other authorities Evox cites are inapposite as the certificates at issue pre-date the publication date of the Federal Register notices and 2021 revision to the *Compendium*. Therefore, the component parts of the SUP Certificates – the images and videos – are not covered by the Certificates. The Complaint does not include any claim regarding infringement of the unification and all claims pertain to the individual, un-copyrighted images. Judgment should be entered for Defendants.

Judgement should also enter on the issue of access. Evox did not plead that Defendants had access to Evox's copyrighted unification of works registered under the SUP option. Evox argues the Complaint pleads Defendants copied and displayed Evox *images*, but offers no response to the argument that the Complaint lacks any allegations of access to Evox's *copyrighted unification of its works*.

Finally, judgment should enter for Defendants on the 50 certificates held by "Evox Images LLC" and "Evox Images," entities that were unregistered at all times

---

[1] No amendment should be permitted at this juncture, and any amendment would be futile. As set forth below, the unifications are inaccessible and in any event lack any copyrightable novelty.

relevant to this case. Although Evox asserts it authored and owns the asserted copyrights, standing is determined by ownership. The 50 Certificates Evox attached to the Complaint do not list Evox Productions, LLC as the "author" and/or "copyright claimant." (Compl.; Dkts. 291-2 & 291-3). Thus, to save these claims from dismissal, Evox urges the Court to consider the extrinsic evidence: trade name registrations.

But even if the Court were to take judicial notice of such records, they still fail to show Evox has standing for claims of infringement on behalf of "Evox Images" or "Evox Images LLC" entities. Evox is a Delaware LLC. (Compl., ¶6; Ex. M (Dkt. 305-16)). Under Section 3101 of Delaware Code, it was required, on pain of civil and criminal penalties, to register its trade name with the "office of the prothonotary of each county in which it is prosecuting or transacting such business." However, Evox filed no such certificate designating its trade name as "Evox Images" or "Evox Images LLC" with the prothonotary of Wilmington, Delaware, where it is registered as an LLC (https://courts.delaware.gov/tradenames/). Evox's <u>Exhibit M</u> shows on August 9, 2011, Evox filed a Fictitious Business Name Statement with the Los Angeles County Clerk stating it is doing business as 'Evox Images.' But, as the certificate says, it expired *five years* after filing, on August 19, 2016. That was almost 5 years before Evox sued. Finally, Evox's December 2023 registration does not save its claims under Delaware law. Under *Bechtel*, 886 F.2d at 648, which applied Delaware law, Evox should be equitably estopped from bringing claims on behalf of its unregistered 'dba' because (1) at the time of the registration Register of Copyright could not have ascertained the names of such unregistered entities, (2) at the time of the alleged infringement Defendants could not have learned of the true identity of the copyright owner by simply searching 'Evox Images' in any database of any court clerk, and (3) Evox has failed to register its dba in Los Angeles County, where this case is pending.

### III.   <u>MOTION TO REMIT TO REGISTER OF COPYRIGHT</u>

#### A. Standard Governing Referral to Register of Copyright

In arguing against referral to the Register of Copyright, Evox claims Defendants must show "the registration was obtained *fraudulently*," and the applicant "had *an intent to deceive or defraud the copyright office*." Pl. Mem. at pp. 11-12. This is a made-up

standard, not found in 17 U.S.C. § 411(b)(1), either *Unicolor* holding, or in the Supreme Court decision. The Supreme Court ruled in *Unicolors* that § 411 imposes no "scienter standard other than actual knowledge," *Unicolors*, 595 U.S. at 185, and "willful blindness may support a finding of actual knowledge." *Id*. at 187-88. "Intent to deceive or defraud the copyright office" is not the standard.

### B. Single Unit of Publication Registrations Are Invalid

<u>Evox Registered as SUP Digital Works</u>. Evox knew at all times it was submitting digital-only materials in SUP applications. Evox concedes the revised Third Edition of the *Compendium* prohibits Evox registering digital works using this option. Therefore, the Certificates Evox obtained after the Copyright Office revised its rules on September 29, 2017, are invalid.[2]

Evox claims, nonetheless, § 803.8(H) of the *Compendium*, released on December 22, 2014, allowed use of the SUP option "for works distributed as 'a package of files for digital download.'" However, § 803.8(H) Evox relies upon does not cover the works Evox registered – digital "photo, video, and interactive automotive imagery" (Pl. Mem., p. 2) – but covers "sound recordings" only. *See* 2014 Compendium, §§ 803.7 & 803.8 (3d ed. 2014). The *Compendium* section which in fact governs, § 1107.1, explicitly and without qualification prohibits using SUP option for works not distributed physically. Indeed, while pertinent sentence within the rule could have omitted the word "physically,"[3] the Copyright Office chose to include it, which is of significance, because the "principle of *noscitur a sociis*—'it is known by its associates' or 'birds of a feather flock together'—instructs that words in statutes are given more precise content by neighboring words." *Unicolors*, 52 F.4th at 1068. And *Compendium* provides even further meaning to the words "physically bundled together" through the inclusion of specific examples: ** "A multi-DVD package with multiple disks containing a motion

---

[2] *See* Ex. 1 (Dk. 291-2): such Certificate Nos. are: VA 2-071-828, VA 2-072-479, VA 2-072-489, VA 2-075-242, VA 2-081-812, VA 2-082-136, VA 2-082-138, VA 2-082-276, VA-2-082-310, VA 2-082-311, VA 2-082-316, VA 2-105-107, VA 2-105-114, VA 2-105-138.

[3] 2014 Compendium at 683 § 1107.1, states: "A unit of publication is a package of separately fixed elements and works that are *physically* bundled together for distribution to the public as a single, integrated unit, and all of the works are first published in that integrated unit." (emphasis added).

4

picture, trailers, and deleted scenes from the motion picture. ** A box set of music CDs ** A videogame containing a disc, instructions, and pamphlet." *See* 2014 Compendium at 683 § 1107.1. Evox freely admits it distributed its images and videos only as a package of digital files via a download link, not as a box-set of CDs or DVDs containing its images and videos, and certainly not in physical print. The *Compendium* rules against submission of purely digital items under the SUP option could not be more pellucid.

Evox next lays blame at the feet of the Copyright Office, claiming that the "leaders from the Copyright Office … instructed EVOX to use the [SUP] designation … and … repeatedly confirmed that EVOX's works qualified as [SUP], including after the 2014 Compendium went into effect." Pl. Mem., p. 14. This is meritless. The Copyright Office cannot give legal advice, 37 C.F.R. § 201.2, and Evox was so informed. (*See* Dkt. 291-17). More significantly, Evox *never* advised the Copyright Office in writing that its materials exist only in digital form. (Dkt. 293-7 at 82:12-19, 99:20-100:2). Thus, it is impossible to know the basis on which the Copyright Office was providing guidance even if it were binding or relevant. Moreover, as Defendants argue, *Compendia* provide specific instructions on SUP criteria and the Copyright Office expressly referred Evox to *Compendium*. Def. Mot., pp. 17-21. Further, at all times Evox was represented by counsel who is well-versed in the copyright filing requirements. *Id*. However, to the extent Evox relies on Attorney Pardau testimony to support its contention that the Copyright Office expressly authorized Evox to use any given filing option, the Court should disregard such testimony where Evox withdrew the 'advise of counsel' defense (Dkt. 216) and later interposed instructions not to answer when Defendants questioned his knowledge of applicable legal requirements. Def. Mot., pp. 20-21. As such, Evox knowingly registered works that did not exist in physical form and was, at the least, willfully blind to such prohibition.

SUP Works Were Not Published Together. The evidence shows Evox knows it did not publish images contained within the same SUP Certificate as a single unit on the same date. As set forth in motion to strike (Dkt. 302), Evox's corporate designee Mr. Thompson was questioned on the substance of a spreadsheet Evox produced in discovery (Dkt. 291-6) – the only evidence Evox produced regarding the publication

5

date of each image. During the deposition he was asked (three times) about meaning of the dates contained within column titled "Date Web Uploaded." (Dkt. 293-6 at 201:7-202:3). Mr. Thompson testified: "That's the date we published the image" (*id*. at 201:9); "I believe it's the date that images are released on the FTP" (*id*. at 201:21-22); "As I sit here now, I believe it to be the date it's uploaded to the FTP." (*id*. at 201:25-202:3).[4]

Once this motion was filed and served, Mr. Thompson executed the Errata Sheet to his deposition transcript (Dkt. 305-32) where he substantively changed his testimony to mean the "Date Web Uploaded" entries in the spreadsheet represent images upload dates <u>later in time</u> to another medium called "EvoxStock FTP," <u>not</u> when Evox published its images for the first time. Evox substantively amended such testimony to one end – to argue in response to this motion that the "Date Web Uploaded" does not mean initial publication date, but a later publication date to another medium. Such "sham" errata sheets are prohibited[5] and Defendants moved to strike it. (*See* Dkt. 302).

Unsurprisingly, that is the very argument Evox now makes. Citing to declaration of Mr. Thompson submitted in response to this motion and to the Errata Sheet, Evox claims "Date Web Uploaded" does not represent the first publication date, but such first publication date is reflected in the Evox's newly produced spreadsheet in the column titled "dateDelivered." (Dkt. 305-1, ¶¶17-21, Ex. 1). First, the Court should exclude Mr. Thompson's "sham" declaration as it substantively changes his sworn deposition testimony on material matter to create an issue of fact. *Yeager v. Bowlin*, 693 F.3d 1076, 1080–81 (9th Cir. 2012). Second, the Court should exclude the spreadsheet listing "dateDelivered" as Evox never produced it in discovery despite Defendants' request. (Lemberg Decl., ¶2). Fed. R. Civ. P. 26(b)(1), 37(c); *Ruiz v. RSCR California, Inc.*, 2023 WL 5088972, at *6 (C.D. Cal. July 24, 2023) (striking an exhibit not produced in discovery). Evox thus knowingly registered its works using the SUP option knowing it was prohibited for items not published on the same date.

---

[4] Mr. Thompson December 1, 2023, sworn testimony is in line with what Evox told the Copyright Office eleven years prior: "Uploaded to ftp - date of publication for Evox, which is the first publication." (*See* Ex. 29. to Declaration of Sergei Lemberg, submitted in support of Reply).

[5] *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217 (9th Cir. 2005).

6

<u>Failure to Distribute Images as 'Single Unit</u>. Evox knowingly violated the distribution of images to the public as a 'Single Unit' requirement, even though it now protests it "assembled all of the images associated with a vehicle model and made each of the images available to its Automotive Image Library customers at the same time." Pl. Mem., p. 17. Making images "available" to its customers as a Single Unit does not equate <u>distributing</u> images to customers as a Single Unit. Evox does not dispute it distributes to its customers only select categories of images from any given 'Single Unit' group, and concedes it engages in such conduct due to "commercial realities and market demand." *Id*. Thus, the 'single units' existed only for purposes of registration.[6]

### C. Group of Published Photographs Certificates Are Invalid

<u>Registering Unpublished Images as Published</u>. Citing Mr. Thompson's sham declaration and Errata Sheet, Evox claims all images within the Group of Published Photographs (hereinafter "GPP") Certificates were in fact published at the time of registration. For the reasons stated above, the Court should disregard Evox's arguments.

<u>Registering Images Taken by Multiple Photographers</u>. Evox does not dispute that prior to February 20, 2018, when a revised rule went into effect, 83 Fed. Reg. 2542 at 2546, the *Compendium* expressly prohibited registering photographs using the GPP option where all photographs were not created by the same individual. As such, Evox's GPP Certificates that pre-date February 20, 2018, are invalid.[7]

Although the revised rule allows to include in the same registration application photographs taken by multiple photographers, the rule explicitly requires that (1) such photographers are employees and (2) photographs are created by the same author as works for hire. 83 Fed. Reg. 2542 at 2546. For the reasons stated in Defendants' motion, Sec. III(D), Evox failed to meet such criteria as to all copyright certificates.

---

[6] Defendants also argue Evox's unification or arrangement, as evident from the Single Unit Certificates (Dk. 291-2), is merely a files list arranged in alphabetical order, that warrants no copyright protection. Evox responds this is not a proper ground under § 411 for referral to the Copyright Office. Evox is wrong, as "[t]he artistic aspects—if any," of arranging digital files in alphabetical order is "not separable from its utilitarian elements" and warrants "no copyright protection." *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 2012 WL 2321573, at *4 (C.D. Cal. June 18, 2012).

[7] *See* Ex. 2 (Dk. 291-3): Certificate Nos. VA 2-105-908, VA 2-105-911, VA 2-106-355, VA 2-106-791, 2-106-798, 2-106-800, 2-106-802, VA 2-113-229.

<u>Evox is Not Listed as Copyright Author on 50 Certificates</u>. Defendants move this Court to submit a request to the Copyright Office whether the Office would have issued Certificates to Evox where the named Copyright Claimant is "Evox Images LLC" or "Evox Images," a unregistered 'dba', but not Plaintiff itself. For the reasons stated in Defendants' motion and in Sec. II, *supra*, Evox's arguments have no merit, and it is for the Register of Copyright to opine whether Certificates would have been issued to a then non-existent and unregistered 'dba.'

**D. Evox Is Not the Author Under the 'Works-For-Hire' Doctrine**

Contrary to what Evox argues, Copyright Certificates are only *prima facia* evidence of ownership. To rebut the presumption of validity, "an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (internal quotations and citations omitted). Once the presumption of validity is rebutted, burden shifts to Evox to prove it has a valid registration. *Universal Dyeing & Printing, Inc. v. Topson Downs of California, Inc.*, 2019 WL 410806, at *4 (C.D. Cal. Feb. 1, 2019).

While Defendants met their initial burden, *see* Def. Mot. at pp. 14-17, Dkt. 291-1 at ¶¶15-18, Evox has no proof that it owns copyright to images at issue in this case as a work-for-hire. There are only two categories of 'works-for-hire' in the Copyright Act: one for employees, 17 U.S.C. § 101(1), and one for contractors, 17 U.S.C. § 101(2). The categories under §§ 101(1) and (2) are mutually exclusive and cannot be mixed and matched.[8] Evox does not satisfy either category. First, Evox is not an 'author' under 17 U.S.C. § 101(1) because the images it registered were not solely created by its employees, but were a joint work of its employees and, as Evox admits, of a third-party contractor. Second, Evox is not an 'author' under 17 U.S.C. § 101(2) because Evox employees and third-party contractor, who jointly collaborated on the images creation, never signed an agreement in writing that the work is a work made for hire by the entity

---

[8] *Gladwell Gov't Servs., Inc. v. Cnty. of Marin*, 265 F. App'x 624, 626 (9th Cir. 2008); *Dumas v. Gommerman*, 865 F.2d 1093, 1103 (9th Cir. 1989) (recognizing the dichotomy); *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1155 (9th Cir. 2010) ("if there is no written instrument at all, then the work cannot be a commissioned or specially ordered 'work for hire'").

that hired it and their work has been "specially ordered or commissioned for use as a contribution to a collective work … ."

Defendants offered sufficient evidence that there are no written agreements executed by and between Evox employees and the post-production firm "specially order[ing] or commission[ing] for use as a contribution to a collective work" and agreeing such work is "a work made for hire." First, Evox's former Photography Manager testified nobody ever "signed any paperwork in connection with the specific vehicle that was photographed on any given day." (Dkt. 291-27 at 49:3-13). Second, the contract between Evox and its contractor makes zero mention of ordering or commissioning the works registered in the Certificates. (Dk. 293-5). Third, for those photographers for whom Evox produced agreements, the agreements make zero mention of ordering or commissioning the works registered in the Certificates, and say nothing that such works are "works for hire." (Ex. 30 to Lemberg Decl.). For the other two photographers, Evox produced no written agreements at all. (Dkt 291-1, ¶16). Neither did Evox produce any written agreements between itself and dozens of other persons who contributed to creation of images in this case. *See* Def. Mot., p. 15; Dkt. 291-1 at ¶¶15-18; *see also* Ex. 31 to Lemberg Decl. (Evox's expert commenting on Evox's images creation process that involves numerous photographers and other employees). With no such written agreements in existence, there can be no commissioned or specially ordered "work for hire."

### E. Evox Knew the Law or Was Willfully Blind to It

As Defendants state in Sec. III, *supra*, Evox misstates the standard for governing referral to the Register of Copyright under 17 U.S.C. § 411(b)(1). "Intent to deceive," as Evox incorrectly contends, is not the standard. Sec. 411 imposes no "scienter standard other than actual knowledge." *Unicolors*, 595 U.S. at 185. Instead, a party seeking to invalidate a copyright must demonstrate "the registrant *knew* that the application failed to comply with the requisite legal requirements," *Unicolors*, 52 F.4th at 1067, or was "*willful[ly] blind[]*." *Id*. at 1054 (emphasis supplied).

Evox portrays itself as a victim to "notoriously complex and difficult to navigate" rules which it, supposedly, tried to follow by seeking guidance from the Copyright

Office. Surreptitiously registering digital works under the SUP option that does not apply and inadvertently running afoul of a complicated rule, as in *Unicolor,* are different kettle of fish. Evox knows full well the Copyright Office does not give legal advice. (Dkt. 291-17). Evox in fact admits it is an experienced copyright applicant with a track record of filing thousands of copyright applications over a 20-year period. Furthermore, Evox's counsel admitted he did not rely solely on what the Copyright Office told him; he researched industry practices and regulations about registering Evox's works and consulted *Compendia*. Def. Mot., p. 19.

Evox also cites to *Unicolors*, 52 F.4th 1054, for the proposition that uncertainty in the law excuses a legal error. But *Unicolors* dealt with a different issue – the interpretation of the term "publishing," on which there was indeed uncertainty. That is not an issue here. And Evox does not argue that on any of the grounds on which Defendants seek to invalidate the copyrights, there exists legal uncertainty, or that *Compendia* fail to provide meaningful guidance on how to apply for a copyright. In any event, attempting to jam its works into a SUP option without ever telling the Copyright Office, in writing, about the nature of its works, is anything but 'uncertainty' or murkiness in the law. Finally, Evox cites to declaration of Philip Hsueh. Evox never disclosed Mr. Hsueh as a witness (*see* Ex. 32 to Lemberg Decl.) and his declaration must be excluded. Fed R. Civ. P. 37(c)(1); *Gryglak v. HSBC Bank USA, N.A.*, 2023 WL 3243998, at *2 (9th Cir. May 4, 2023).

In sum, evidence shows Evox submitted inaccurate information – that all of the images it registered as part of the SUP and GPP registrations did not meet registration eligibility criteria for numerous reasons as specified above – with knowledge that it was inaccurate.

## IV. CONCLUSION

Defendants ask the Court to (1) enter judgment under Fed. R. Civ. P. 12(c), and/or (2) submit a request to a Copyright Office as set forth in the Motion.

DATED: February 23, 2024

10

| | |
|---|---|
| 1 | LEMBERG LAW LLC; SERGEI LEMBERG, |
| 2 | |
| 3 | By: */s/ Sergei Lemberg* |
| 4 | Sergei Lemberg (*pro hac vice*) |
|   | Lemberg Law, LLC |
| 5 | |
| 6 | Attorneys for Defendants |

# CERTIFICATE OF SERVICE

I hereby certify that on this 23d day of February, 2024, I electronically served the foregoing Defendants' Reply in Support of Motion to (1) Enter Judgment on the Pleadings under FRCP 12(C), and/or (2) Transmit a Request For Advice to Register of Copyrights Regarding Invalidation under 17 U.S.C. § 411(B)(1)-(2) with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties, including to the persons listed below:

Jennifer Estremera
jestremera@reichmanjorgensen.com
Laura Carwile
lcarwile@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401 / Fax: (650) 560-3501

Adam Adler (pro hac vice)
aadler@reichmanjorgensen.com
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310 / Fax: (650) 560-3501

Attorneys for Plaintiff

By: */s/ Sergei Lemberg*
Sergei Lemberg (*pro hac vice*)