1  REICHMAN JORGENSEN
   LEHMAN & FELDBERG LLP
2  Jennifer Estremera (SBN 251076)
3  jestremera@reichmanjorgensen.com
   Laura Carwile (SBN 291906)
4  lcarwile@reichmanjorgensen.com
5  100 Marine Parkway, Suite 300
   Redwood Shores, CA 94065
6  Tel: (650) 623-1401
7  Fax: (650) 560-3501

8
   Adam Adler (*pro hac vice*)
9  aadler@reichmanjorgensen.com
   1909 K Street, NW, Suite 800
10 Washington, DC 20006
11 Tel: (202) 894-7310
   Fax: (650) 560-3501
12

13 Attorneys for EVOX Productions, LLC
14 and non-parties Zachary Luse and Paragon Digital, LLC

15            UNITED STATES DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17  EVOX PRODUCTIONS, LLC,<br>    a Delaware limited liability company, | Case No. 2:21-cv-07875 SSS (AGR) |
| 18 | |
| 19            Plaintiff, | **PLAINTIFF'S AND NON-PARTIES ZACHARY LUSE AND PARAGON DIGITAL, LLC'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA, or, in the alternative, FOR PROTECTIVE ORDER UNDER RULE 26(c)** |
| 20      vs. | |
| 21 | |
| 22  LEMBERG LAW LLC, a Connecticut<br>    limited liability company; and SERGEI<br>    LEMBERG, an individual, | |
| 23 | |
| 24           Defendants. | Honorable Judge Sunshine S. Sykes<br>Honorable Magistrate Judge Alicia G. Rosenberg |
| 25 | |
| 26 | |
| 27 | |
| 28 | Trial Date:  July 29, 2024 |

Plaintiff EVOX Productions, LLC ("EVOX") has retained Zachary Luse, founder of Paragon Digital, LLC ("Paragon"), to provide expert testimony in this matter. Mr. Luse and Paragon move to quash the subpoena attached as Exhibit A. In the alternative, EVOX, Mr. Luse, and Paragon move for a protective order under Fed. R. Civ. P. ("FRCP" or "Rule") 26(c)(1)(A), prohibiting the disclosure or discovery of the requested material, on grounds that this information is completely irrelevant and the subpoena was issued solely to harass or annoy EVOX's expert.[1]

Fact discovery is closed. **Expert discovery is closed.** Dkt. 161 (expert discovery closed on February 16, 2024). Nevertheless, without leave or good cause to do so and seeking production outside of any discovery period, Defendants Sergei Lemberg and Lemberg Law LLC ("Defendants") served a subpoena (Exhibit A) for documents and a deposition on non-party Adobe, Inc. ("Adobe"), regarding the licensing relationship between Adobe and Mr. Luse (also a non-party) and, separately, between Adobe and Paragon Digital, LLC (Mr. Luse's company, also a non-party). The information Defendants seek has no connection to the merits of the case. Indeed, in a previous discovery dispute, the Court (at Defendants' request) held that Defendants *own* such licenses were irrelevant, and denied EVOX's requests for production of those licenses—even in the face of procedural default.

Defendants could not obtain these documents through expert discovery, because they are not entitled to these irrelevant documents and because expert discovery is closed. Defendants' subpoena is nothing more than an end-run around the normal procedural rules. The Court should quash the subpoena and/or issue a protective order under FRCP 26(c)(1)(A), prohibiting disclosure of this material.

I. **Background**

Defendants are accused of infringing EVOX's copyrighted images on

---

[1] Pursuant to FRCP 26(c)(1) and Local Rule 7-3, this motion is made following the conference of counsel which took place on February 13 and 14, 2024.

Defendant's website. Upon receiving EVOX's cease and desist letter in May 2021, Defendants removed the infringing images from public view.[2] However, Defendants did not preserve the state of their website prior to doing so (and have since denied that the images were *ever* publicly accessible).[3] To determine the scope and impact of Defendants' spoliation, EVOX retained Mr. Luse, the founder of Paragon. Mr. Luse is an expert in, among other things, website development and management on various platforms, including Wordpress (the platform on which Defendants' website was hosted). Mr. Luse's path has not been an easy one.

EVOX initially issued requests for production of a complete copy of Defendants' website that included the infringing images (Dkt. 69-1 at Nos. 3, 5, 12, 16, 18, 20-24, 38); Defendants fought this production, stating that "no responsive documents exist" and that they did "not have prior versions of the [website] and if [they] did, providing it in digital form would be impossible." *Id.* at Nos. 16, 21. EVOX then sought the AWS back-ups of Defendants' website; Defendants originally failed to produce them, despite court orders to do so. Dkt. 151 at 5-6, 8-11. While the back-ups were ultimately produced months later, in the intervening time Defendants falsely accused Mr. Luse of ethical misconduct, and attempted to prevent EVOX from viewing the backups. Dkt. 151-11 ("Mr. [Luse] is a competitor. He runs an SEO firm. Nobody had any ability to know what he gleans from our IP will be used now or in the future.").

Despite these hurdles, Mr. Luse eventually received access to Defendants' back-up files, and ultimately provided an expert report that documented his efforts

---

[2] Dkt. 69-2 at 10 (Defendant Sergei Lemberg signing interrogatory response stating that "[a]fter receiving the [cease and desist] letter…Mr. Lemberg directed a summer intern to remove the photos at issue in this case and replace them with vehicle photos also available in the public domain.")

[3] The facts surrounding Defendants' destruction of evidence will be explained in greater detail in a forthcoming spoliation motion.

to restore Defendants' website back-ups and explained how Defendants used EVOX images to increase website traffic. Mr. Luse was not retained to, and did not, offer any opinions on copyright infringement, licenses, licensing terms, or related issues.

At Mr. Luse's deposition, Defendants focused on whether *Mr. Luse* had engaged in copyright infringement. Specifically, Defendants asked a series of irrelevant questions about photographs on Mr. Luse's website and whether/how those photographs were licensed, ostensibly with the goal of determining whether Mr. Luse or his company had committed copyright infringement. Despite no indication of any such infringement, Defendants issued the subpoena to Adobe for a deposition and production of "[a]ll licensing and payment records for all photo and/image licenses issued by or through AdobeStock.com to (1) Zach Luse of Keen, New Hampshire, and/or (2) Paragon Digital Marketing LLC". Exhibit A. This subpoena – with a date of production after expert discovery has closed – is untimely, irrelevant, harassing, overbroad, and judicially estopped. The Court should protect Mr. Luse from this invasive and irrelevant inquiry.

## II.　Legal Standard

A court must quash a Rule 45 subpoena if, *inter alia*, it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." FRCP 45(a)(3)(A)(iii), and may do so if it requires "disclosing… commercial information." FRCP 45(a)(3)(B)(i). Separately, a court may issue a protective order to protect an individual from annoyance, embarrassment, oppression, or undue burden. FRCP 26(c)(1). Rule 26(c) "confers broad discretion on the trial court" regarding the issuance of protective orders. *Huynh v. Wal-Mart Assocs., Inc.*, 2019 WL 13221170, at *1 (N.D. Cal. Aug. 1, 2019) (internal citation omitted).

An individual or entity other than the party to whom the Rule 45 subpoena is directed "may challenge [the subpoena] if he has a personal right or privilege with respect to the subject matter requested in the subpoena." *Zorn v. Principal Life Ins. Co.*, 2010 WL 3282982, at *2 (S.D. Ga. Aug. 18, 2010); *see also Crispin v.*

*Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) (collecting cases); *Brown v. Sperber-Porter*, 2017 WL 10409840, at *2 (D. Ariz. Nov. 6, 2017) (collecting cases in which "nonparties claiming privilege or a personal right in the information subpoenaed from a different nonparty have standing to move to quash pursuant to Rule 45(d)(3)(A)"). Separately, a party has standing to move for a protective order where the subpoena infringed that party's interest by seeking irrelevant and overbroad discovery. *Strategic Partners, Inc. v. FIGS, Inc.*, 2020 WL 6143607, at *2 (C.D. Cal. Sept. 3, 2020); *see also In re REMEC, Inc. Sec. Litig.*, 2008 LEXIS 47412, *4 (S.D. Cal. May 30, 2008) (courts have recognized the "sound principle of law" that a party has standing to seek a protective order for subpoenas to non-parties seeking irrelevant information).

In "the third-party subpoena context, ... courts have often demanded a stronger-than-usual showing of relevance, requiring the requesting party to demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure." *Pate v. Pac. Harbor Line, Inc.*, 2023 WL 2629867, at *10 (C.D. Cal. Feb. 6, 2023) (internal citations and quotations omitted). The court may quash a Rule 45 subpoena if the information sought "is irrelevant to any issue in [the] case." *Vike v. Coopman*, 2009 WL 3321018, at *1 (W.D. Wis. Oct. 14, 2009) (disallowing an admitted "fishing expedition" into an issue that is "not on trial"); *see also Johnese v. Ashland, Inc.*, 2008 WL 631786, at *8 (E.D. Ark. Mar. 5, 2008) (court quashing a subpoena that sought "confidential business information" and was "irrelevant to Plaintiffs' claims because [the subpoenaed party] and [the other entity identified in the subpoena] are not parties to this action, and have not attempted to invoke or stand behind any provision in the [requested] documents on any issue"). For instance, simply stating that a witness' credibility "is in question" is not enough to support the production of irrelevant documents, nor can a party raise questions of the opposing party's witness at a deposition and then argue that answers to those questions have "opened the door" to the production of additional documents. *Baker*

*v. Mission Chateau, L.L.C.*, 2022 WL 873415, at *3-4 (D. Kan. Mar. 24, 2022) (quashing subpoena to third party on relevance grounds). "A party may not use Rule 45 in order to circumvent general discovery rules; hence a subpoena must be quashed to the extent it seeks irrelevant information." *Pratt v. PharmNet, Inc.*, 2005 WL 8163159, at *3 (N.D. Miss. Oct. 19, 2005); *see also Groce v. Claudat*, 2012 WL 1831574, at *3 (S.D. Cal. May 18, 2012) (subpoena quashed as "information sought is irrelevant" and has "little if any probative value" to the claims in the case).

In addition to complying with other requirements, Rule 45 subpoenas "must comply with discovery deadlines to avoid being quashed." Wright and Miller 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed.). "Rule 45 subpoenas sought after the discovery cut-off are improper attempts to obtain discovery beyond the discovery period." *nSight, Inc. v. PeopleSoft, Inc.*, 2006 WL 988807, at *3-4 (N.D. Cal. Apr. 13, 2006) (party cannot use Rule 45 subpoenas to "engage in… post-discovery case investigation"); *see also Integra Lifesciences I, Ltd. V. Merck KGaA*, 190 F.R.D. 556, 561-61 (S.D. Cal. 1999) (collecting cases).

Rule 26 includes a specific mechanism for parties to obtain expert discovery; parties cannot circumvent the scope of Rule 26 with a subpoena. Importantly, "**a Rule 45 subpoena cannot be used to gather information from a retained expert witness beyond the restrictions laid out in Rule 26**." *Spencer v. Greenwald*, 2022 WL 2180052, at *3 (D. Id. June 15, 2022) (emphasis added) (collecting cases) (cited with approval by Judge Rosenberg in Dkt. 216). "Cleary… an expert witness is heavily protected from discovery [citing Rule 26(b)(4)(B)-(C)]." *Id*. In *Spencer*, a party issued a Rule 45 subpoena to the opposing party's expert, and the court looked at what role a "Rule 45 subpoena interplays with this [Rule 26] protection." *Id.* In granting the motion to quash, the court explained that it saw "no reason to remove the Rule 26 brake on the use of Rule 45 subpoenas[.]" *Id.*

**III. Argument**

As an initial matter, Defendants' subpoena should be quashed because it

improperly seeks discovery outside of the discovery cut-off. *Compare* Ex. A (production date of February 26, 2024) *with* Dkt. 161 (expert discovery cut-off is February 16, 2024); *nSight*, 2006 WL 988807, at *3-4. Additionally, because Mr. Luse is a Rule 26 expert witness, a Rule 45 subpoena seeking documents far outside Rule 26(b)(4)'s parameters is improper. *See Spencer*, 2022 WL 2180052, at *3.[4]

### A. Defendants Are Judicially Estopped From Arguing These Documents Are Relevant.

During fact discovery, EVOX timely issued requests for the production of *Defendants'* third-party licenses for photographs on Defendants' website, as well as information on Defendants' accounts or licenses with third-party stock image agencies – information which could show Defendants' knowledge and practice of obtaining licenses for images on their own website. Dkt. 214-2 at 9,[5] 10.[6] Defendants fought the production of licenses for images on Defendants' website other than for the group of photographs at issue in this case.[7]

At oral argument, Defendant Sergei Lemberg told Judge Rosenberg that "our position is that licenses other than the ones that are at issue here are not relevant or are public" and that the request to produce "all of [Defendants'] licenses for every

---

[4] Notably, this is not the first time that Defendants have improperly sought to use a Rule 45 subpoena to circumvent the procedural requirements of expert discovery under Rule 26. *See* Dkts. 187; 216.

[5] EVOX RFP No. 66, requesting "[a]ll Documents, including…licenses…relating to any photographs, illustrations, or graphics owned by any third party, which were published, printed, or distributed by [Defendant or Defendants'] employees or contractors on any of [Defendants'] websites…whether in online or print form."

[6] EVOX RFP No. 73, requesting documents sufficient to identify Defendants' "accounts with photography stock agencies and other photography licensors, such as (but not limited to) GettyImages, Shutterstock, Alamy, or others."

[7] Defendants originally defaulted on EVOX's requests by failing to produce documents or respond by the deadline, ultimately responding with untimely, boilerplate objections only after EVOX brought this to the Court's attention. *See* Dkts. 212 at 5-6; 212-4 ¶ 6-8; 214 at 2.

single photo" on their website was "vastly overbroad, overly burdensome, and irrelevant." Audio Recording of Nov. 27, 2023 Discovery Hearing ("Nov. 27 Hearing"), at 4:21–4:54. Judge Rosenberg agreed, stating that producing a license for "every photograph on the website" was "overbroad" and that most of this set of documents were not "going to be relevant here." *Id.* at 6:07–6:21. Judge Rosenberg called the parties' dispute "far narrower and far more specific." Dkt. 245 at 2. Citing the court's "broad discretion in determining relevancy [under Rule 26(b)(1)] for discovery purposes," *id.*, Judge Rosenberg determined that Defendants would only need to produce licenses for photos of *vehicles* on their website (as those relate to this case), but that no other image licenses were relevant. *See* Dkt. 245 at 1 (RFP No. 66), 2 (RFP No. 73) (emphasis added); *see also* Nov. 27, Hearing at 6:22–6:50 (agreeing that Defendants should produce only licenses to use "photographs of autos" whether or not they were EVOX images, but no other type of image license needed to be produced).

**In sum, *Defendants' themselves* argued – successfully – that third-party or stock photo licenses for non-vehicle photographs displayed on *the website at the center of this case* were irrelevant and should not be produced** (despite EVOX's timely request with a production date within the fact discovery period). They cannot now argue that a *third party's* stock photo licenses are relevant, if their own similar licenses are not; the doctrine of judicial estoppel bars Defendants from taking such inconsistent positions. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–83 (9th Cir. 2001).

These facts support the application of judicial estoppel. *Id.* (citing factors enumerated in *New Hampshire v. Maine*, 532 U.S. 742 (2001)). *First*, Defendants' position that these licenses are relevant is "clearly inconsistent" with their earlier position that their own such licenses are irrelevant. *Second*, Defendants were successful in that argument—Judge Rosenberg relied on their argument and did not order the production of said licenses. *Third*, Defendants would derive an unfair

advantage should the Court now allow the production of licenses that Defendants themselves were not required to produce. EVOX was not permitted to obtain these licenses for the website at the heart of this case, and will not have those documents available to cross-examine Defendants about their procurement of or compliance with any such licenses. Defendants should not then be allowed to do the same for someone who is not even a party. Given these facts, Defendants are judicially estopped from arguing that licenses for images on a non-party's website are relevant; thus, their subpoena seeks irrelevant documents and should be quashed. Judicial estoppel would prevent Defendants "from gaining an advantage by taking inconsistent positions" and would "protect against a litigant playing fast and loose with the courts." *Id.* at 782.

### B. Defendants' Subpoena Seeks Irrelevant Information, Issued To Harass and Annoy EVOX's Expert.

Beyond these improprieties, Defendants' subpoena seeks irrelevant documents and information, and was clearly issued to harass and annoy EVOX's expert. Mr. Luse is not a party to this case; he is not a copyright infringement expert or an expert on licenses; and he is not offering opinions on the images on Defendants' website infringing on EVOX's copyrights. Whether unrelated photographs on his own company's website are properly licensed is completely and utterly irrelevant to any conceivable issue in this case. Defendant Sergei Lemberg himself has argued to Judge Rosenberg that "licenses other than the ones that are at issue here [in this case] are not relevant[.]" Nov. 27 Hearing, at 4:21–4:29. As the party issuing the subpoena, Defendants bears the burden of "demonstrat[ing] that the information it seeks is 'relevant and material to the allegations and claims at issue in the proceedings.'" *Vpn.Com LLC v. Dikian*, 2023 U.S. Dist. LEXIS 218435, at *15 (C.D. Cal Aug. 4, 2023). The Court's analysis can therefore "begin[] and end[] with relevance," because "[u]nder Rules 26 and 45, a party may only obtain discovery of nonprivileged matter that is relevant to a claim or defense at issue in the litigation."

*Id.* at *18-19. There is no possibility that third-party licensing agreements obtained by EVOX's expert—who is not opining on the validity of licenses or copyrights in this case—would ever be relevant to the issues in this case.

Because there is no relevance to the requested information, the clear reason for the subpoena is to harass and annoy EVOX's expert – and to threaten Mr. Luse with needless and inappropriate scrutiny into his company's unrelated licensing agreements. Mr. Luse and his company (both non-parties to this case) are simply fulfilling the standard role of a Rule 26 testifying expert, and are entitled to maintain the privacy of their unrelated business arrangements without the fear of a vindictive[8] litigant going on a fishing expedition and inviting scrutiny of Mr. Luse and his company, regardless of their compliance with Adobe's licensing terms.

## IV.   Conclusion

Defendants issued this untimely subpoena in order to conduct an improper fishing expedition into irrelevant documents, designed only to harass EVOX's non-party expert witness. As Defendants themselves have argued, the information requested is irrelevant to any issue in this case. Therefore, Mr. Luse and Paragon respectfully request the Court quash the subpoena. In the alternative, EVOX, Mr. Luse, and Paragon move that the Court issue an order preventing the enforcement of the subpoena and ordering no further subpoenas be issued requesting information related to Mr. Luse or his company.

---

[8] Defendants have, since this case's inception, filed lawsuits against EVOX and the lawyers who originally brought this case, *Lemberg Law, LLC et.al v. Evox Productions, LLC et.al*, No. 3:23-cv-01193-SVN (D. Conn.) (filed Sept. 11, 2023), as well as an unrelated individual who was only involved in this litigation due to Defendants' unsuccessful attempt to obtain work product emails. Dkt. 93; *Lemberg Law LLC v. Jonathan Hochman et.al*, District Court of Fairfield County, Connecticut, Dkt. No. FBT-CV23-6126896-S. Defendants have also threatened EVOX's current counsel with retaliation, multiple times. *See* Dkts. 214 at 2; 234 at 2.

| | | |
|---|---|---|
| 1 | DATED: February 23, 2024 | Respectfully Submitted, |
| 2 | | |
| 3 | | /s/ *Laura Carwile* <br> Laura Carwile |
| 4 | | Jennifer Estremera <br> Adam Adler |
| 5 | | REICHMAN JORGENSEN |
| 6 | | LEHMAN & FELDBERG LLP <br> Attorneys for Plaintiff and Non-Parties |
| 7 | | Zachary Luse and Paragon Digital, LLC |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1 and 11-6.2**

The undersigned, counsel of record for Plaintiff and non-parties Zachary Luse and Paragon Digital, LLC, certifies that this brief contains 3,030 words, which complies with the word limit of L.R. 11-6.1.

DATED: February 23, 2024                Respectfully Submitted,

/s/ *Laura Carwile*
Laura Carwile
Jennifer Estremera
Adam Adler
REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
Attorneys for Plaintiff and Non-Parties
Zachary Luse and Paragon Digital, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2024, I electronically served the foregoing NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA, or, in the alternative, FOR PROTECTIVE ORDER UNDER RULE 26(c) with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties, including to the person listed below:

| | |
|---|---|
| Trinette Gragirena Kent<br>1100 West Town and Country Road<br>Suite 1250<br>Orange, AZ 92868<br>480-247-9644<br>Fax: 480-717-4781<br>Email: tkent@lemberglaw.com | Attorneys for Defendants |

Sergei Lemberg
Vlad Hirnyk
Lemberg Law LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
203-653-2250
Email: slemberg@lemberglaw.com
Email: vhirnyk@lemberglaw.com

/s/ *Laura Carwile*
Laura Carwile