| | |
|---|---|
| 1 | Jennifer Estremera (SBN 251076) |
| 2 | jestremera@reichmanjorgensen.com |
|   | Laura Carwile (SBN 291906) |
| 3 | lcarwile@reichmanjorgensen.com |
| 4 | REICHMAN JORGENSEN |
|   | LEHMAN & FELDBERG LLP |
| 5 | 100 Marine Parkway, Suite 300 |
|   | Redwood Shores, CA 94065 |
| 6 | Tel: (650) 623-1401 |
| 7 | Fax: (650) 560-3501 |

Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
1909 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 894-7310
Fax: (650) 560-3501

Attorneys for Plaintiff
EVOX PRODUCTIONS, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LEMBERG LAW LLC, a Connecticut limited liability company; and SERGEI LEMBERG, an individual,<br><br>Defendants. | Case No. 2:21-cv-07875 SSS (AGR)<br><br>**PLAINTIFF'S MOTION TO EXCLUDE DECLARATIONS FILED IN SUPPORT OF DEFENDANTS' OPPOSITION TO SUMMARY JUDGMENT**<br><br>Honorable Judge Sunshine S. Sykes<br>Honorable Magistrate Judge Alicia G. Rosenberg<br><br>Trial Date: July 29, 2024 |

1. EVOX is cognizant of reducing the burden on the Court and does not take filing this motion lightly. However, Defendants have included late-produced or previously undisclosed evidence in two declarations filed in support of their Opposition to EVOX's Motion for Partial Summary Judgment. To allow Defendants to use this evidence to defeat summary judgment would unfairly prejudice EVOX and would violate the notions of fair play on which the discovery rules are based.

~

In support of their Opposition, Defendants rely on late-produced evidence contained in the declarations of Defendant Lemberg and Defendants' expert, Mr. Demirkaya.

Mr. Lemberg's declaration includes a swath of evidence disclosed for the first time at summary judgment. Moreover, a substantial portion of his declaration is a sham affidavit in which Mr. Lemberg now makes completely new statements that directly contradict his own deposition testimony, in a bid to keep the Court from granting summary judgment in EVOX's favor on his direct copyright infringement.

Mr. Demirkaya's declaration includes a set of statements, which he calls "Opinion #7," involving a website Defendants contend has been accessible to the public since before this litigation began. Despite this, Defendants disclosed Opinion #7 (and an attendant exhibit) well past the expert discovery deadline.

Pursuant to Rules 26 and 37, EVOX respectfully requests the Court strike and exclude these statements (listed at Exhibits A and B to this Motion) for all purposes, including for consideration in Defendants' Opposition.

**STATEMENT OF FACTS**

**1. Sergei Lemberg's Declaration**

The facts listed in the attached Exhibit A were produced, for the first time, in Mr. Lemberg's declaration filed for purposes of summary judgment. Dkt. 348-1

("Lemberg Decl.").[1] Documents related to these late-produced, conclusory statements were not produced during discovery.

Some of these undisclosed facts involve Defendants' finances, bank accounts, assets, liabilities, employees' status, firm operations, accounting, bookkeeping, corporate structure, corporate governance, and insurance policies. Ex. A (Lemberg Decl. ¶¶ 5-12, 34-36, 38, 54, 59); *infra* at 6-7. Others involve similar documents as they relate to Defendant Lemberg's other company, Clear Results Advertising. Ex. A (Lemberg Decl. ¶¶ 16-19, 34, 41-42, 54); *infra* at 6-7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see also infra* at 7-13 (Lemberg Decl. ¶¶ 95-101 are an impermissible sham affidavit, contradicting Mr. Lemberg's sworn deposition testimony and created for the purpose of manufacturing a dispute of fact).

### 2. Mr. Demirkaya's Declaration

Mr. Demirkaya's expert opinions listed in the attached Exhibit B were disclosed, for the first time, well past the deadline for expert discovery.

Expert discovery closed on February 16, 2024, per the Court's scheduling order. Dkt. 161.[2]

On **March 6, 2024**, Defendants disclosed, for the first time, Mr. Demirkaya's

---

[1] Mr. Lemberg filed his declaration containing some of these facts for the first time with his now-withdrawn Motion for Summary Judgment. Dkt. 322-2 (filed March 15, 2024). His declaration has since been re-filed as part of Defendants' Opposition in essentially identical format, Dkt. 348-1, although his new declaration includes additional facts that were not disclosed even in Mr. Lemberg's March 15, 2024 declaration. Dkt. 348-1 ¶¶ 95-101.

[2] On February 12, 2024, at Defendants' request (due to what they represented was anticipated inclement weather), EVOX agreed to take Mr. Demirkaya's deposition outside of the time period for expert discovery in this case, on February 28, 2024. Dkt. 300 (joint stipulation). The parties made clear in their stipulation that "**[n]o other aspect of expert discovery shall be extended beyond the deadline set in the Court's operative scheduling order for this case**[.]" *Id.* (emphasis added); *see also* Dkt. 301 (court granting stipulation).

"Opinion 7." Ex. C (email from Defendants attaching Amended Report of Yalkin Demirkaya); Ex. D ¶¶ 105-111 (pp. 40-41 of March 6, 2024 Amended Report of Yalkin Demirkaya, which includes previously-undisclosed Opinion #7). Opinion #7 relates to the website "cat.evox.com." Prior to March 6, 2024, Defendants had not identified or made any reference to this website during fact or expert discovery, including in Mr. Demirkaya's report, exhibits, opinion, or deposition testimony.

The final paragraph of Opinion #7 cites to "Exhibit 25." Ex. D ¶ 111. Defendants did not produce "Exhibit 25" until **March 12, 2024**. Ex. E (email from Defendants producing Exhibit 25).

Defendants state that they had access to cat.evox.com during the entire pendency of this case, which began in 2021. Mr. Demirkaya stated that the website had been publicly available since at least 2019. Ex. D ¶ 107. And Mr. Lemberg told counsel for EVOX that there was "no mystery here" and that the website "was open the whole time" and had "been there the whole time." Ex. F.

Mr. Demirkaya filed a declaration in support of Defendants' Opposition to EVOX's Motion for Partial Summary Judgment. Dkt. 348-2 ("Demirkaya Decl."). In it, Mr. Demirkaya includes the same facts (in some cases, word-for-word) that he disclosed for the very first time in his late-produced Opinion #7. Ex. B (identifying paragraphs of Dkt. 348-2 that were disclosed as Opinion #7).

## ARGUMENT

**A. Legal Standard**

It is axiomatic that evidence available to one party that has not been produced in discovery to the other party must be excluded and is therefore inadmissible. Fed. R. Civ. P. ("Rule" or "FRCP") 26; FRCP 37.

Rule 26(a) requires a party to provide the opposing party, "without awaiting a discovery request," with documents the party "may use to support its claims or defenses." *Id.* at (1)(A)(ii). So long as the information is "reasonably available to" the party who intends to rely on it, "[a] party is not excused from making its

disclosures because it has not fully investigated the case..." *Id.* at (1)(E). The party has a continuing duty to "supplement or correct its disclosure or response" in "a timely manner," if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Rule 26(e)(1)(A).

Expert discovery is subject to similar requirements of timeliness and completeness. Rule 26(a)(2)(B), (D); *infra* at 13-16.

Rule 37(c) "gives teeth" to the requirements of Rule 26(a) by "forbidding" the use of "any information" that was "not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). If a party "fails to provide information… as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1). The late-disclosing party "has the burden to prove that the failure to comply was either substantially justified or harmless." *Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 520 (N.D. Cal. 2012).

"Exclusion under Rule 37(c)(1) is **automatic** unless [the party] can show that the late disclosure was substantially justified or harmless." *Pensmore Reinforcement Techs., LLC v. Cornerstone Mfg. & Distribution, Inc.*, 674 F. Supp. 3d 781, 790 (C.D. Cal. 2023) (emphasis added). The Rule applies at summary judgment. *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (Rule is "an 'automatic' sanction that prohibits the use of improperly disclosed evidence," including at summary judgment); *see also* FRCP 37 Advisory Committee Notes (1993) (FRCP 37 is a "self-executing," "automatic" sanction excluding the use of improperly-disclosed evidence "on a motion, such as one under Rule 56").

**B. Evidence Included in the Lemberg Declaration Was Not Properly Produced During Discovery, and Should Be Excluded.**

Exhibit A lays out the statements from Mr. Lemberg's declaration containing evidence which was not produced in effective testimonial or documentary form during the discovery period. An affidavit on which a party relies in a summary judgment motion must "set out facts that would be admissible in evidence[.]" FRCP 56(c)(4); *see also Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988) ("It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment."). Late-disclosed evidence is not admissible at trial. *Yeti*, 259 F.3d at 1106.

Mr. Lemberg's declaration relies on late-disclosed and thus inadmissible evidence. Ex. A. These statements should be excluded from consideration.

*Financial and Corporate Documents*. As for Mr. Lemberg's statements regarding his, Lemberg Law's, and Clear Results' finances and corporate existence, Defendants have not produced any competent evidence to support these assertions, beyond the conclusory statements produced for the first time at summary judgment.[3]

These statements involve:



---

[3] "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (party had also "never offered any evidence to support these factual assertions" prior to the motion at issue). To the extent that the conclusory statements in Mr. Lemberg's declaration have been made in passing, without any evidentiary support, during the life of this case, FRCP 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

- █████████████████████████████████████
  - ███████████████████████████████
  - ████████████████████████████████████
  - █████████████████████████████████

None of this evidence was competently produced during discovery, and Mr. Lemberg asserts it, without corroboration, for the first time at summary judgment. These are the very documents that EVOX sought in discovery and that Defendants refused to produce. Judge Rosenberg conducted multiple discovery hearings on these issues, at which Defendants repeatedly and unwaveringly represented to the Court that this information was not relevant. Yet now, in order to defeat EVOX's motion, Defendants produce Mr. Lemberg's self-serving, conclusory affidavit attesting to facts about which they have produced no evidence before this point. Moreover, if this evidence was relevant to Defendants' case, EVOX was entitled to conduct fact discovery on it, including the production of all documents relevant to these issues.

There is no substantial justification for Defendants' failure. This evidence is within the sole possession of Defendants, and its relevance was evident from the filing of the Complaint. Moreover, the prejudice and harm to EVOX is clear – EVOX received no opportunity to conduct fulsome discovery in order to challenge these statements, to which it was entitled. Disclosure in a self-serving, conclusory, and uncorroborated affidavit for the first time at summary judgment is too little and too late. These statements must therefore be excluded.

████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
███████████████████



1. [REDACTED]
2. [REDACTED]
3. [REDACTED]
4. [REDACTED]
5. [REDACTED]
6. [REDACTED]
7. [REDACTED]

8. Moreover, these statements (¶¶ 93-101) are clearly a sham affidavit made for the purpose of creating a genuine dispute of material fact where none exists. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (internal citation and quotation omitted). The sham affidavit rule applies when "the disparity between the affidavit and deposition is so extreme that the court must regard the differences between the two as contradictions." *Id.* at 1081 (approving district court's finding).

16. [REDACTED]
17. [REDACTED]
18. [REDACTED]
19. [REDACTED]
20. [REDACTED]
21. [REDACTED]
22. [REDACTED]
23. [REDACTED]
24. [REDACTED]
25. [REDACTED]
26. [REDACTED]



---

[4] Mr. Lemberg testified as both a 30(b)(1) and 30(b)(6) witness.



[REDACTED]

Mr. Lemberg's testimony at his deposition on this topic is diametrically opposed to the statements he makes in his declaration now.

[REDACTED]

---

[5] Dkt. 348 (Defendants arguing that copying done for purposes of litigation is not infringement); *id.* (Defendants baseless threatening to file an "anti-SLAPP" lawsuit).



The portion of Mr. Lemberg's deposition comprising of this sham affidavit (Ex. A ¶¶ 93-101), containing previously-undisclosed statements whose late production is not substantially justified nor harmless, should be excluded.

*Defendants' Exhibit C*. Finally, as to Ex. A ¶¶ 65, 111 (identifying Dkt. 348-6 (Def. Ex. C)), this screenshot taken by Mr. Lemberg was not produced until summary judgment. For the same reasons as above, it should be excluded.

### C. Late Expert Opinions of Mr. Demirkaya Were Not Produced During Discovery, and Should Be Excluded.

A testifying expert "must" include in their written report "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and "any exhibits that will be used to summarize or support them," among other requirements. Rule 26(a)(2)(B). Expert disclosures must be made "at the times and in the sequence that the court orders." FRCP 26(a)(2)(D). A party that has not timely disclosed such evidence is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FRCP 37(c)(1). Defendants bear the burden of proving that its failure was substantially justified or harmless. *Pineda*, 280 F.R.D. at 521.

Defendants did not produce Mr. Demirkaya's Opinion #7, his Exhibit 25, or his reliance on cat.evox.com until well after his deposition and the close of expert discovery. Dkt. 161 (expert discovery cut-off was Feb. 16, 2024); *supra*, n.2 (Mr. Demirkaya's deposition taken Feb. 28, 2024 at Defendants' request; expert discovery cut-off remained Feb. 16); Ex. C (amended expert report with Opinion #7 disclosed Mar. 6, 2024); Ex. E (Exhibit 25 cited in Opinion #7 produced Mar. 12, 2024). Prior to these dates, Defendants had never identified an intention to rely on cat.evox.com for their defense of this case; in fact, they never identified cat.evox.com at all.

This delay was not substantially justified. Defendants admit the website underlying Mr. Demirkaya's Opinion #7 (cat.evox.com) was available to them during the entire pendency of this case. Ex. D ¶ 107 (Mr. Demirkaya opining that the website had been publicly available since at least 2019); *id.* ¶ 108 (website is "open to the public" and "[a]nyone can navigate to" it); Ex. F (Mr. Lemberg stating that the website "was open the whole time" and had "been there the whole time").

The instant litigation began in October 2021; fact discovery closed in December 2023 (and expert discovery in February 2024) – thus, by Defendants' own telling, they had more than two years during which they could have produced this information. And Mr. Demirkaya worked for Defendants for much of that time. Ex. G at 32:19-33:2 (in February 2024, Mr. Demirkaya testified that he was initially approached to work on this case "more than a year ago" and possibly "as long as two years ago"). Mr. Demirkaya also testified that his original report (issued January 12, 2024) was a "complete and full set" of the opinions he would be offering in this case, and that as of February 28, 2024, he knew of no "new facts" about which he planned to testify. Ex. G at 32:3-18.

Given these facts, there is no "substantial justification" for the late disclosure of a completely new expert opinion and exhibit – based on what Defendants contend was a publicly accessible website during the entire lifetime of this case. Defendants' "lack of care and due diligence" resulting in this "untimely disclosure" does not rise to the level of substantial justification. *Pineda*, 280 F.R.D. at 521.

Nor is the delay harmless. Defendants use this opinion to justify their request that the Court deny partial summary judgment in EVOX's favor. Dkt. 348. Their substantial reliance on it portends an intent to use this information at trial as well. Defendants clearly consider this opinion and evidence highly important to their case.

Given the importance on which Defendants place this evidence, EVOX has clearly been prejudiced by the delay. Mr. Demirkaya was not deposed about this new opinion or exhibit. When "the deadlines for disclosing experts and conducting

expert discovery ha[ve] passed," untimely expert disclosure prejudices the opposing party. *Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 217 (9th Cir. 2009); *see also Pensmore*, 674 F. Supp. 3d at 790 (untimely expert declaration excluded as prejudicial when "depositions were well underway" because the opposing party "was not able to take the disclosure into account in connection with its overall deposition preparation"); *cf. Pineda*, 280 F.R.D. at 521 (delay in disclosure of expert report harmless because it was "provided sufficiently in advance of the expert discovery deadline to allow [the opposing party] to prepare for and take" the expert's deposition).

Additionally, no EVOX expert was able to consider the opinion or exhibit for purposes of writing a rebuttal report. *W. All. Bank v. Jefferson*, 119 F. Supp. 3d 961, 968 (D. Ariz. 2015) (even when expert had been deposed about late-produced evidence, the "most significant harm which the deposition does not eliminate is the opportunity [the party] should have to secure their own expert witnesses whose testimony might rebut" the expert).

Moreover, any disruption to the schedule in an attempt to cure the prejudice would cause additional harm. As of the filing of this motion, EVOX's Rule 56 motion is already pending, Dkt. 334, and the Court's scheduling order has set a pre-trial conference and trial date in July 2024. Dkt. 161. Late expert disclosure is not harmless "when the order establishing an expert disclosure deadline also sets a deadline for pretrial motions," because "disruption to the schedule of the court and other parties is not harmless," even if the trial date was "still some months away." *Jarritos*, 345 F. App'x at 217 (internal quotation and citation omitted).

Thus, Defendants' failure to disclose Mr. Demirkaya's Opinion #7 requires the striking and exclusion from consideration of all paragraphs of his declaration cited in Ex. B. Additionally, all statements of fact submitted by Defendants relying on his declaration must be stricken. Ex. B (identifying paragraphs in Dkt. 349 supported by Mr. Demirkaya's late-produced opinion).

## CONCLUSION

Statements made by Mr. Lemberg and Mr. Demirkaya in their declarations (listed in Ex. A and B) must be stricken and excluded from consideration, including for purposes of Defendants' Opposition.

DATED: April 5, 2024　　　　　Respectfully Submitted,

<u>/s/ *Laura Carwile*</u>
Laura Carwile
Jennifer Estremera
Adam Adler
REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
Attorneys for Plaintiff

# CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1 and 11-6.2

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 4,466 words, which complies with the word limit of L.R. 11-6.1.

DATED:  April 5, 2024         Respectfully Submitted,

/s/ *Laura Carwile*
Laura Carwile
Jennifer Estremera
Adam Adler
REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2024, I electronically served the foregoing PLAINTIFF'S MOTION TO EXCLUDE DECLARATIONS FILED IN SUPPORT OF DEFENDANTS' OPPOSITION TO SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties, including to the person listed below:

Trinette Gragirena Kent             Attorneys for Defendants
1100 West Town and Country Road
Suite 1250
Orange, AZ 92868
480-247-9644
Fax: 480-717-4781
Email: tkent@lemberglaw.com

Sergei Lemberg
Lemberg Law LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
203-653-2250
Email: slemberg@lemberglaw.com

Vlad Hirnyk
Lemberg Law LLC
43 Danbury Road 3rd Floor
Wilton, CT 06897
203-653-2250
Email: vhirnyk@lemberglaw.com

/s/ *Laura Carwile*
Laura Carwile